EeeemaN, J.,
delivered tbe opinion of tbe Court.
These cases were bills and amended bills, filed in the Chancery Court of Wilson county, alleging, substantially, that in 1862, complainants were induced, by the representations of Edward Tompkins, of whom defendant was executrix, to deposit with said Edward Tompkins a large amount of dry goods and other articles, of the value specified in each of the bills in these causes; that Tompkins sold said goods, some on time, taking notes for the same to himself, some for cash; that he sold many of the goods at above fifty per cent, on cost; that he sold some of said goods for Tennessee money; that said articles were sold by said Tompkins to various persons, in his life, which parties were to the complainants unknown; “and that the book of accounts kept,. and the notes received by Tompkins upon said sales, have, or should halve, come to the hands of defendant, as executrix;” that “a disclosure of all matters appertaining thereto, with a true and perfect inventory thereof, and all other facts connected with said consignments, sales, &c., as prayed for in the original *91 and amended bills, is material to a fair and just trial of this cause, and cannot be proven in any other manner nor by any other person known to complainant.
The prayer of the bill is for full answer to all its allegations; that defendant be compelled to file with his answer a full, true, and perfect inventory of all the notes, accounts and other evidences of debt which came to her hands, describing the same accurately; and also all judgments of said Tompkins and parties defendant thereto. They then pray for an account of the sale of said goods, fraudulently or otherwise appropriated by him, or disposed of by his executrix; and that the estate of said Tompkins be held liable for the value thereof, and for general relief.
These bills and the amended bills, were demurred to and the demurrers sustained by the court; from which decree there is an appeal to this court.
The demurrer was for the following causes:
1. No equity in bill, the matters not being relievable in a Court of Chancery.
2. That if the allegations of the bill entitle the party to any relief, it is to be administered at law.
3. That defendant is not bound to answer and disclose as requested, the bill not being a bill of discovery, etc.
"We think the Chancellor erred in sustaining the demurrers in these cases.
We hold, the allegations of the bills and amended bills clearly make out such a case of account as gives the Court of Chancery jurisdiction. "While it is some* *92 times rather loosely said that equity will not take jurisdiction where the items of the account are all on one side, yet there are many cases of complication or of embarrassment in making out the proof of the debt claimed, and which is sought to be ascertained by the proceeding in equity, where the relief given by a court of equity is far more adequate, complete and free from embarrassment than could be obtained in a court of law. .We think this one of that class of cases.
Mr. Story, 1 Eq. Jur., § 462a, very properly says: “The bare relation of principal and agent does not of itself, entitle the principal to come into a 'court- of equity for an account, if the matter can be fairly tried at law.
“But if the defendant, as agent, has received sums of money for the plaintiff, the particulars and amount of which are unknown to him, a bill praying for discovery and an account will be maintained — and also where .the accounts are too complicated to be dealt with in a court of law, a court of equity will entertain jurisdiction.” These principles apply to this case, and are conclusive in favor of the jurisdiction of a court of equity to grant -the relief sought.
This is not, oh its face, a pure bill of discovery; does .not purport to be, but a bill for an account with discovery incidental to and in aid of that relief.
The discovery sought is such as the party may well ask under the facts of his bill. The law would presume that the books, accounts, notes, and papers generally of the deceased went into the hands of his personal representative. The book of accounts kept by the agent *93 cannot be- rightfully withheld from his principal, on an account of the matters of the agency, such as is sought in this case.
Let the cases be reversed and remanded for answer, defendant paying costs of the demurrers in court below, and all costs in this court.