CHAFFEE, Respondent, vs. CONWAY, Appellant.

*April 5—May 2, 1905.*

*Appeal and error: Findings, when disturbed: Principal and agent: Action, at law or in equity?  Limitation of actions: Compensation.*

1. Where the material evidence upon an issue is in sharp conflict the findings thereon will not be disturbed.
2. Where the proofs show that the defendant occupied a position of peculiar confidence as plaintiff's agent, and an action at law might imperil his rights on account of his inability to furnish proof in support of his lawful claims in a mutual adjustment of their accounts, equity will take jurisdiction to award an accounting, and, in view of his confidential relationship to plaintiff, require that defendant render an account and explanation of his stewardship in the matter.
3. Where it appeared, among other things, that plaintiff conveyed his land to defendant as security for a debt, and afterwards omitted to redeem from a foreclosure under a prior mortgage, but permitted defendant to receive the sheriff's certificate of sale on defendant's agreement to sell the land and account to plaintiff for the proceeds after reimbursing himself for the amount of plaintiff's indebtedness to him, plaintiff's cause of action under such agreement did not arise until the land was sold, and a suit commenced shortly thereafter was not barred by the statutes of limitation.
4. Where plaintiff conveyed his land to defendant as security for a debt, and afterwards agreed that defendant should reimburse himself by a sale thereof, which was made about eight years thereafter, defendant in the meantime being in possession of the land and receiving the income and paying the expenses, it not appearing that the parties contemplated that defendant should receive any compensation aside from what the court allowed him as commissions for making the sale, nor that the defendant had shown any ground from which it might be implied that he was to be otherwise compensated, the action of the trial court in that respect will not be disturbed.

APPEAL from a judgment of the circuit court for Juneau county: J. J. FRUIT, Circuit Judge.  *Affirmed.*

This is an action for an accounting for moneys received by the defendant for the sale of a farm under an agreement be-

tween the parties. It is alleged that in 1889 plaintiff was the owner and possessor of the lands described in the complaint, which were then subject to a mortgage for $1,200; that plaintiff was also indebted to the defendant in the sum of $528.68; that plaintiff, being unable to pay defendant the amount due him, deeded this farm to defendant by quitclaim deed, whereupon defendant gave a land contract for the reconveyance of the land to plaintiff within five years upon the payment of $528.68 with interest. Plaintiff remained in possession of the farm under these arrangements until September, 1894. It is further alleged that the lands were sold to one Sweeney at foreclosure of the $1,200 mortgage in September, 1893, and that after plaintiff had made arrangements to redeem from this sale, in August, 1894, it was agreed between plaintiff and defendant that defendant should purchase the certificate of sale from Sweeney, take a sheriff's deed thereon, and that he should thereafter sell the farm, reimburse himself out of the proceeds of the sale of the farm for the amounts due him under the quitclaim-deed and land-contract transaction of 1889 and the purchase of the certificate of sale under the foreclosure sale of 1893; that defendant took possession of the farm under the agreement of 1894, held and leased it, collected the rent, paying taxes, insurance, and some expenses incident to running the farm while so holding it, until it was sold by him in March, 1902, for a consideration of $4,575. Plaintiff further alleges that defendant now refuses to account and to pay to him if any balance is due him. The defendant admits the facts and circumstances of the transaction of 1889, but claims it was a satisfaction and payment of his claims. He further answers denying that an agreement was made in 1894 between himself and plaintiff, as plaintiff alleges, but avers that he and plaintiff then made a final and full settlement of all material claims and demands, and that it was agreed that he should secure the title to the lands under the circumstances

alleged, to hold and own them as his own, without any obligation or agreement to account to plaintiff for any of the proceeds in case of a sale of the premises. Before proceeding with the trial, when the case was called for trial, defendant asked permission to amend the answer by inserting the defense that plaintiff had a full and adequate remedy at law and therefore should not be allowed to proceed as for an accounting in equity. The court allowed the amendment over objection, but proceeded to trial upon the pleadings as served in the case, and finally determined that the case was properly in equity, and took an accounting, made its findings of fact, which support the material allegations of the complaint, and awarded judgment that plaintiff recover from the defendant the sum of $1,118.16, with interest from March 1, 1902, the date of demand for an accounting and payment. This is an appeal from such judgment.

*Daniel H. Grady,* for the appellant.

For the respondent there was a brief by *Barney & Price,* attorneys, and *J. T. Dithmar,* of counsel, and oral argument by *H. W. Barney.*

SIEBECKER, J. The court found the facts substantially as alleged by the plaintiff, and held that plaintiff was entitled to an accounting and the recovery of a balance, if any be found in his favor. The principal controversy in the case bears upon the arrangement made by the parties in August, 1894. The material evidence upon this issue was in sharp conflict. The court found that at this time it was agreed that plaintiff should forbear redeeming the farm from the foreclosure sale; that defendant should purchase the outstanding certificate of sale, take the sheriff's deed under it in his name, sell the farm, apply the proceeds in payment of his claim to the extent of the amount due him from plaintiff on the land-contract transaction of 1889, the purchase under the certificate, and securing the sheriff's title under the agree-

ment of 1894. The state of the evidence is such that this finding cannot be disturbed, and must be treated as a verity in the case. It is contended that the subject matter of the controversy is not one for the interposition of equity by way of a suit for an accounting. The facts clearly show that there were mutual claims existing between the parties arising out of the various transactions of 1889 and 1894, and involving an investigation of claims and charges in respect to which the plaintiff had intrusted the entire management and administration to the defendant. It appears that plaintiff reposed full confidence in the defendant and trusted him with the possession and control of his property, and believed that he would keep a faithful and accurate account of the transactions in his dealings with it, involving the collection of rents, payment of insurance, and other demands incident to such possession and control. It also appears that plaintiff had no knowledge or information concerning the state of the mutual claims arising out of these transactions, and that the evidence as regards them was exclusively within defendant's knowledge. The situation disclosed by the proof shows that defendant occupied a position of peculiar confidence as plaintiff's agent in the handling of the farm and its rental proceeds and the consideration received from its sale, as well as disbursements for taxes, insurance, and other claims. If plaintiff, under these circumstances, were compelled to prosecute his cause in an action at law, it might imperil his right on account of his inability to furnish proof in support of his lawful claims in a mutual adjustment of their accounts. Under such circumstances equity will take jurisdiction to award an accounting, and in view of his confidential relationship to plaintiff require that defendant render an account and explanation of his stewardship in the matter. We must therefore hold that this action was properly planted in equity for an accounting and that the cause of action was one to enforce

the agreement made between the parties in 1894 by which defendant took possession of the farm, collected rents, disbursed for plaintiff's benefit amounts as found by the court for taxes, insurance, and other items incident to the possession and the control of the farm up to the time of the sale in March, 1902, and, after reimbursing himself for the money so paid and the amounts advanced for plaintiff prior to and under this agreement, was to turn over the balance to plaintiff. *Somervaill v. McDermott,* 116 Wis. 504, 93 N. W. 553; Mechem, Agency, § 534; *Marvin v. Brooks,* 94 N. Y. 71; *Halsted v. Rabb,* 8 Port. 63; *Dallas Co. v. Timberlake,* 54 Ala. 403; *Taylor v. Tompkins,* 2 Heisk. 89; *Thornton v. Thornton,* 31 Grat. 212; *Makepeace v. Rogers,* 4 De G., J. & S. 649. It appears that the trial court, in construing the issues involved, held that they were cognizable in equity upon the ground that the parties stood related as mortgagor and mortgagee in equity. This, however, in no way altered the subject of inquiry as to the accounting, which fully covered and included all the mutual claims arising out of the transactions.

The conclusion above stated renders the discussion of the exceptions as to the admission of evidence under the complaint as one for redemption by an equitable mortgagor and the establishment of a trust by parol evidence immaterial because not involved in the action.

It is contended that the cause of action is barred by the statute. This is without foundation in this view of the case. The cause of action sued on under the agreement did not arise until the farm was sold in March, 1902, and suit was commenced shortly thereafter.

It is urged that this agreement is too vague and uncertain to furnish a basis for a recovery. The terms of the agreement, as supported by the evidence and found by the court, are manifestly so clear and definite that no obscurity or un-

certainty can be asserted in respect to them, and they fulfil all the essentials of an express and valid agreement in this respect.

The only other question presented is the refusal of the court to allow compensation to defendant for services rendered under the agreement. The only proof on the subject is defendant's statement that the time spent in work and supervision of the farm was reasonably worth $50 per year. There is no attempt to specify any items of service or what time was in fact spent in such supervision. The evidence on this subject is too indefinite to warrant any interference with the conclusion of the trial court. It does appear that the court allowed defendant $100 as compensation for making the sale. It does not appear that the parties contemplated that defendant should receive any other compensation aside from what the court allowed him, nor has defendant shown any ground from which it can be implied that he was to be compensated as he now claims.

*By the Court.*—The judgment is affirmed.