SULLIVAN, Respondent, vs. ASHLAND LIGHT, POWER & STREET RAILWAY COMPANY and others, imp., Appellants.

*February 24—March 17, 1914.*

*Pleadings: Complaint: Sufficiency: Demurrer: Joinder of causes of action: Accounting: Parties.*

1. A general demurrer to a complaint should be sustained only when the complaint, giving to its language the most liberal construction it will reasonably bear in favor of the pleader, does not show plaintiff to be entitled to any measure of judicial redress of any character.

2. Where equitable relief is asked, the fact that there is an adequate remedy at law is not legitimate ground for a general demurrer.

3. Upon a demurrer for misjoinder of causes of action, if the complaint will fairly admit of a construction to the effect that only one cause of action is stated, that construction should be adopted.

4. The complaint in this case is *held* to state a single cause of action for an accounting as to certain corporate stocks and bonds, in which full relief requires or renders proper the presence of all the defendants named.

APPEAL from an order of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action for an accounting and full relief in respect to a con-

tract plaintiff claims to have made with A. E. Appleyard.
The latter was made defendant with others alleged to be aid-
ers and abettors in depriving plaintiff of his rights.   Among
defendants are three corporations referred to as *Street Rail-
way Company, Power Company,* and *Ironwood & Bessemer
Company,* Appleyard being the general manager and in con-
trol through ownership of stock in his own name and the
names of his co-individual defendants.

The complaint contained a statement of facts, as indicated,
and appropriate allegations to connect all codefendants with
Appleyard, either as guilty participants in the alleged wrong
or as holders or controllers of property which of right be-
longed, in part, to plaintiff, they having come thereto with
knowledge or reasonable means of knowledge of the facts, so
as to be liable, through their connection with Appleyard, to
account to plaintiff so far as they would otherwise profit, or
aid in profiting, by such wrong.

The contract alleged to have been made with Appleyard is
as follows: During some over three years, commencing in
1908 and ending in 1912, plaintiff and Appleyard, by mu-
tual agreement, co-operated in promoting and organizing the
*Power Company* and the *Ironwood & Bessemer Company,*
and acquiring a majority of the capital stock of the *Street
Railway Company,* in the interests of the other two corpora-
tions.   They also co-operated in acquiring rights, privileges,
franchises, and property for said corporations which was
transferred thereto, at a fair profit.   Such co-operative efforts
and the assets acquired by the *Power Company* and the *Iron-
wood & Bessemer Company* were of great value thereto and
essential to their business success.   Such joint services were
of the reasonable value of $200,000 and the fair profit grow-
ing out of the joint acquirement of the property and sale
thereof was $400,000.   It was agreed with Appleyard that
his services and property should be paid for by issuance of
corporate stock and bonds of such corporations, plaintiff to

have one third and the same proportion of the proceeds of stock sold to outside parties. The corporations accepted the benefits of such efforts, ratified the agreement aforesaid, and issued to Appleyard on account thereof a large amount of stock and bonds, some being issued in his name and the rest divided between his wife and defendants Reid, *Burgess, Lang, Merrill,* and *Sanborn.* The exact amount so issued and location thereof with said defendants, plaintiff is not able to state because of Appleyard and those acting with him in control of the corporations having refused him information thereof or to permit him to examine the corporate books. The stock and bonds so issued otherwise than to Appleyard were without consideration moving to the corporations from the persons receiving, but the same were taken and are now held upon a secret trust for him with knowledge of plaintiff's rights. The stock and bonds so issued have been so purposely confused with other such stock and bonds that nothing short of an accurate accounting, with the aid of the corporation records, will uncover the truth. Appleyard has sold some of the stock and bonds acquired by him in manner aforesaid; but the truth in respect thereto cannot be ascertained otherwise than by a coercive accounting.

Upon such facts plaintiff prayed for such an accounting as would afford him full benefit of his contract with Appleyard so far as Appleyard and his associate defendants could be made judicially liable therefor.

The *Street Railway Company* demurred to the complaint upon the ground of misjoinder of causes of action and for want of facts sufficient to make out a cause of action in equity. The other two corporations, likewise, separately demurred, and the other defendants, except Mr. Appleyard, joined in a like demurrer. All were overruled. All defendants appealed except Appleyard and Manuel M. Reid.

The cause was submitted for the appellants on the brief of *Sanborn, Lamoreux & Pray, M. E. Dillon,* and *G. F. Merrill,*

attorneys, and *Luse, Powell & Luse,* of counsel, and for the respondent on that of *Wm. F. Shea,* attorney, and *Geo. G. Greene,* of counsel.

Marshall, J.    On the subject of sufficiency it matters not what kind of a cause of action, by name, within the broad meaning of "a civil action" the pleader attempted to state, or whether he attempted to state more than one cause of action. It was not essential that he should do more than to state concisely the facts constituting his claim for redress; that is the civil wrong he believed had been caused to him.    Neither was it essential that he should ask for the proper relief,— only that he should ask for such relief as he supposed himself entitled to.    Sec. 2646, Stats.    Neither any misstatement as to the precise nature of the wrong, as classible by common-law names, or misstatement as to the kind of relief, or mere indefiniteness of statement are of any particular moment, as regards either sufficiency of cause or proper joinder of causes of action.    It matters not that the pleading could be reasonably construed so as to defeat it, upon one or other of the grounds of demurrer, or that even, gathering from it the general idea of the pleader, would defeat it.    So long as giving to the language used the most liberal construction it will reasonably bear in favor of the pleader; not necessarily in favor of the pleader's idea of the form or scope of the redress, but the idea that a remediable wrong of a civil nature of some kind had been done to the plaintiff, it can be seen that some form and measure of judicial redress is due him, there is no fatal insufficiency.

Such is the very simple liberal rule of the Code.    Regardless of the nature of the wrong, within the broad field of competency of one person to remediably do another injustice of a civil character, our system affords the civil action.    Sec. 2600, Stats.    That fits all situations,—those requiring jury interference and those which do not as well,—and no narrow

construction of pleadings or mere technicalities of any kind
are permitted, under our system, to interfere with the course
of procedure from initiation to conclusion.   Sec. 2668, Stats.
These principles are so firmly crystallized into our written
law and have been so often vindicated in our unwritten law,
that there is no further need for referring to statutes or de-
cisions with particularity.   The original spirit of the Code is
in complete dominance by the judicial will, many times illus-
trated, and by the legislative will, emphasizing anew and un-
mistakably the early idea of the lawmakers, particularly in
sec. 3072m and sec. 2649a.   The former, incorporating into
the Code in legislative language the idea of this court as to
what was, probably, in the beginning intended to be accom-
plished, sufficiently rounds out our general observations, giv-
ing point thereto as particularly applicable to the complaint
before us.

Thus, in case of a general demurrer to a complaint, "if
upon the facts stated, construing the pleading as provided in
section 2668, plaintiff is entitled to any measure of judicial
redress, whether equitable or legal and whether in harmony
with the prayer or not, it shall be sufficient for such redress."
To understand the full scope of this wise provision, it must be
viewed in the light of the spirit of the whole system of pro-
cedure for the redress and prevention of wrongs of a civil na-
ture, of which it forms a part, particularly the section therein
specifically referred to which requires that:

"In the construction of a pleading for the purpose of de-
termining its effect its allegations shall be liberally construed,
with a view to substantial justice between the parties."
Sec. 2668, Stats.

Note should be taken of the words "for the purpose of de-
termining its effect."   Not the intention of the pleader; but
*the effect* as regards whether plaintiff's relation, construed
with the utmost reasonable liberality in his favor, shows he
has suffered a remediable wrong, or such a wrong is impend-

ing which in justice should be judicially prevented. The words, "with a view to substantial justice between the parties," are the keynote of the section as it is of the whole judicial system of which it forms a part.

The foregoing is about all that need be said, in view of the concession of counsel for appellants, to show that the order complained of must be affirmed.

On the subject of misjoinder, counsel concede that the complaint will fairly admit of a construction to the effect that only one cause of action is stated. That is enough for the occasion. If it will reasonably admit of such construction, obviously, that is the one to be adopted. Uncertainty in counsel's mind as to whether the pleader intended to state more than one cause of action, or whether more than one could be construed out of the language used, did not afford any legitimate ground for the demurrer for misjoinder.

Counsel now state that "our conclusion . . . is that only a single contract is alleged or attempted to be alleged in the complaint, and that such contract is between the plaintiff and the defendant A. E. Appleyard, and if we are correct in this conclusion there is no misjoinder of causes of action in the complaint, unless," etc., stating a supposed cause which counsel show they do not think exists and which does not appear to exist.

That conclusion of counsel seems wise. We quite agree with them. The facts alleged are to the effect that plaintiff and Mr. Appleyard joined in an enterprise of a pecuniary character in which both were to co-operate—devoting their time and experience to accomplish a profitable result to themselves and sharing in such result on the basis of one third to plaintiff and two thirds to Appleyard—that the end in view at the start, except the agreed division of pecuniary results, has been accomplished; but that Appleyard has breached his agreement and legal responsibility to plaintiff by taking or obtaining control of all pecuniary results and refusing to account

and pay over to plaintiff his share thereof, and that all the other defendants are parties to the wrong, with knowledge of the facts, and are holders or in control for Appleyard of portions of the property, in which plaintiff is, of right, a one-third owner, aiding the former to deprive the latter of his rights. That presents a very simple case for an accounting in which full relief required or rendered proper all the parties defendant. One cause of action appropriate for equitable interference to remedy a single wrong, and rendering the settlement of relations between defendants as to the property in dispute germane to the primary right.

If there was uncertainty, but we do not perceive any, as to whether the facts call for a trial after the manner of an action at law or that in equity, as we have seen, it is not, under the Code, a legitimate cause for a general demurrer. But if it was certain that respondent's remedy was of a legal nature and the complaint, in any reasonable view, in equity, the ground of demurrer upon which counsel seem to chiefly rely is not legitimate. Formerly, by judicial construction—departing from the letter as well as from the spirit of the Code, in my judgment—it was otherwise; but, by ch. 354, Laws of 1911, the sixth ground of demurrer under sec. 2649, Stats., viz. "that the complaint does not state facts sufficient to constitute a cause of action," has been limited to those cases where the complaint, construed as before indicated, does not show plaintiff to be entitled to any measure of judicial redress of any character. That was probably overlooked when the demurrer was interposed and is not referred to by counsel on either side in the briefs.

*By the Court.*—The order is affirmed.