SOUTH SIDE LUMBER COMPANY, Respondent, vs. JOHN ELLER LUMBER COMPANY and others, Appellants.

*October 6—October 26, 1915.*

*Conspiracy: Collusion: Pleading: Complaint: Joinder of causes of action: Parties.*

1. To constitute conspiracy no express agreement is necessary, an understanding or tacit concurrence in mental intent to effect the common purpose being sufficient; and under certain circumstances "collusion" is synonymous with conspiracy.

2. A complaint charging, among other things, collusion between all except one of the defendants to defraud the plaintiff corporation, and that in pursuance of such collusive agreement they fraudulently and corruptly converted goods and money of the plaintiff and used plaintiff's funds in the purchase of real estate, title to.

which was taken in the name of certain of the defendants, and praying for an accounting of the property so converted and for general relief, is *held*, on demurrer, to state but one cause of action.

3. The fact that the title to some of the property in question was placed in the defendant who was not a·party to the collusive agreement, rendered her a proper party to the action.

APPEALS from orders of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The appeals are from orders overruling demurrers to plaintiff's complaint. After alleging the corporate existence of plaintiff and defendant *John Eller Lumber Company,* the complaint alleges, among other things:

That the defendant *Stephen H. Eller* as vice-president, treasurer, and sole manager and pretended president of plaintiff, and in collusion with the defendant *John Eller Lumber Company* and defendant *George F. Eller,* fraudulently and unlawfully transferred, converted, and delivered unto the defendant *John Eller Lumber Company,* of which the defendant *Stephen H. Eller* was the president and defendant *George F. Eller* secretary and treasurer, and unto *George F. Eller* large quantities of goods, wares, merchandise, and money from the plaintiff without accounting and paying therefor; that the defendants jointly and severally unlawfully held said goods, merchandise, and money and have converted the same into cash for their own use, to the damage of plaintiff in the sum of $30,000.

That the books and records of the plaintiff showing the transaction were destroyed by the defendant *Stephen H. Eller;* that the defendant *Stephen H. Eller* unlawfully and corruptly converted large amounts of money belonging to the plaintiff while he was acting as vice-president, treasurer, and sole manager of plaintiff's business, and invested the money so unlawfully converted in real estate, taking the title thereto in his own name, and has taken and converted from plaintiff

large sums of money, and said *Stephen H. Eller* with the funds of plaintiff purchased real estate, causing the record title to appear in defendant *George F. Eller;* and also used the funds of the plaintiff in the purchase of real estate and caused the title to the same to appear in the name of defendant *Emily Knauer.*

That the defendant *Stephen H. Eller* is lessee of a safe-deposit box in the First Trust Company in Milwaukee, in which he has concealed records, books, moneys, and securities belonging to plaintiff, and plaintiff fears that said *Stephen H. Eller* will dispose of the contents of said box.

That defendant *John Eller Lumber Company* claims to be the owner of real estate, the title to which is in the name of *George F. Eller,* and that plaintiff believes said real estate was purchased with the funds of this plaintiff.

That plaintiff is informed and believes that the defendants, unless restrained, will dispose of their property to innocent purchasers for value and leave no property available from which plaintiff may be reimbursed for the unlawful and corrupt conversion set out in the complaint; that the defendant *Stephen H. Eller* pretends to be the owner of some shares of capital stock of plaintiff which are now held by pledgees for moneys advanced to defendant *Stephen H. Eller,* and that said *Stephen H. Eller* and *George F. Eller* are the owners of other stocks which are partially incumbered and held by pledgees; that plaintiff is informed and believes that the defendants *Stephen H. Eller* and *George F. Eller* and *John Eller Lumber Company* will dispose of their property to innocent purchasers for value, leaving no funds from which this plaintiff may be reimbursed, unless restrained, all to the irreparable injury of plaintiff; that defendants are financially irresponsible and plaintiff is without adequate and complete remedy at law.

The prayer demands accounting of the goods, wares, mer-

chandise, and moneys so conveyed, transferred, and converted by defendants belonging to plaintiff, and general equitable relief.

The defendants demurred separately, setting up as grounds of demurrer (1) that several causes of action have been improperly united; (2) that the complaint does not state facts sufficient to constitute a cause of action. The court overruled the demurrers, from which orders these appeals were taken.

The cause was submitted for the appellants on the brief of *J. W. Flynn* and *Henry V. Kane,* and for the respondent on that of *Bohmrich & Gabel.*

KERWIN, J. That the complaint states a cause of action is clear and is not seriously denied by the appellants, therefore no time need be spent in discussing the demurrer on that ground. It is insisted by counsel for appellants that several causes of action are improperly united in the complaint. It is argued that there is a separate cause of action stated against the defendant *Stephen H. Eller* united with a cause of action against the other defendants except the defendant *Knauer,* which two causes of action are united with a third against the defendants except the defendant *Eller Lumber Company.* It is contended that the issues in these alleged separate causes of action are in no way related to each other and do not affect all the parties to the action, therefore cannot be joined.

We think the intention of the plaintiff in drafting the complaint was to state but one cause of action and that the complaint is capable of that construction. There are specific allegations that all of the defendants except the defendant *Knauer* fraudulently colluded together to defraud the plaintiff out of its property; that *Stephen H. Eller* as vice-president, treasurer, sole manager, and pretended president of plaintiff

-fraudulently and unlawfully transferred, converted, and delivered unto the defendant *John Eller Lumber Company* and the defendant *George F. Eller* large quantities of goods, wares, merchandise, and money of the plaintiff without ac- ·counting and paying therefor. It is further alleged "that the defendants jointly and severally unlawfully held said goods, merchandise, and money and have converted the same into cash for their own use, to the damage of the plaintiff in the sum of $30,000." The other allegations of the complaint respecting the unlawful and corrupt conversions by the defendant *John Eller Lumber Company, Stephen H. Eller,* and *George F. Eller* and the taking of title to real estate pur- ·chased with the money of plaintiff manifestly relate to the collusive agreement made and entered into by the defendants. At least such construction may fairly be inferred from the whole complaint. *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183, and cases there cited; *Sullivan v. Ashland L., P. & St. R. Co.* 156 Wis. 445, 146 N. W. 506. Looking at the whole complaint, it may fairly be inferred that the intention of the pleader was to charge collusion or conspiracy between all of the defendants except *Knauer* to defraud the plaintiff, and that they carried out such collusive agreement by the conversions set up in the complaint.

The complaint charges "collusion" between the defendants, and this court has held that under certain circumstances collusion is synonymous with conspiracy. *Miller v. Bayer,* 94 Wis. 123, 68 N. W. 869. To constitute conspiracy no express agreement is necessary. An understanding or tacit concurrence in mental intent to effect the common purpose is sufficient. *Patnode v. Westenhaver,* 114 Wis. 460, 90 N. W. 467.

The fact that the title to some of the property alleged to have been unlawfully converted was placed in defendant *Knauer* made her a proper party defendant. Sec. 2603,

Stats.; *Draper v. Brown,* 115 Wis. 361, 91 N. W. 1001; *Grady v. Maloso,* 92 Wis. 666, 66 N. W. 808; *Sullivan v. Ashland L., P. & St. R. Co.* 156 Wis. 445, 146 N. W. 506.

The complaint is based upon one primary right—accounting and recovery of property fraudulently converted under a collusive agreement between all of the defendants except the defendant *Knauer,* and she is a proper party under the statute and repeated decisions of this court.

*By the Court.*—The orders appealed from are affirmed.