KOMOROWSKI, Appellant, vs. JACKOWSKI and others, Re-
spondents.

*October 24—November 14, 1916.*

*Creditors' action: Execution: Judgment: Satisfaction: Fraud: Pro--
bate of forged will: Remedies: Circuit and county courts: Prac-
tice.*

1. The return of an execution unsatisfied is the prime essential of
   a creditors' action.
2. Where a judgment creditor purchased at an execution sale, for
   the full amount of his judgment, the interest of the debtor in
   real estate, and obtained the sheriff's certificate, this was in
   effect a satisfaction of the judgment.
3. Where, after such judgment had become a lien on the interest of
   the debtor in said real estate as heir of his mother, the debtor
   and other heirs perpetrated a fraud upon the judgment creditor
   and upon the county court by procuring to be probated a forged
   will by which the debtor was given no part of said real estate,
   proceedings for relief against such fraud should be had prima-
   rily in the county court, and the creditor as purchaser at the

execution sale stood in the debtor's shoes sufficiently to be heard in the probate proceedings.

4. Although the creditor brought his action in the circuit court to obtain such relief, he need not commence proceedings over again, since the circuit court, under sec. 2836b, Stats., may certify the proceedings to the county court.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.  *Affirmed.*

The appeal is from an order sustaining a demurrer to certain portions of the complaint.

By the complaint it is recited that the plaintiff obtained a judgment in justice's court against the defendant *John C. Jackowski,* a transcript of which was filed in the circuit court for Milwaukee county in January, 1910; that execution thereon was issued to the sheriff, who, after demand upon and failure to pay by said defendant, sold to the plaintiff and for the full amount of said judgment and subsequent costs, all of the right, title, and interest which the defendant *John C. Jackowski* may have had in certain real estate in Milwaukee county, and gave the plaintiff the usual certificate of sale therefor on February 14, 1916.

That the defendants *John C. Jackowski, Statia Wawrzyniakowski,* and *Antoinette V. Jackowski-Peterson* were the only children and heirs at law of one Pauline Jackowski, who died in February, 1915, being possessed of certain personal property as well as of the real estate above mentioned.

That in July, 1915, the defendant *Statia Wawrzyniakowski* made petition to the county court of Milwaukee county for administration of the estate of said Pauline Jackowski. That thereafter and pending the sale on plaintiff's execution the defendant *Antoinette V. Jackowski-Peterson* filed in the said county court and had admitted to probate what purported to be a last will and testament of said deceased, wherein and whereby the defendant *John C. Jackowski* was not given any interest in the said real or personal property, but that which

would have been his share in said estate if said deceased had died intestate, namely, one third, was given to the defendant *Sadie Jackowski,* then and now wife of the defendant *John C. Jackowski.*

That during the administration of the said estate the defendant *John C. Jackowski* filed a claim therein for moneys expended by him for the deceased and for materials used and labor done on her real property aggregating $373.89. That on January 31, 1916, when said will was admitted to probate, the defendant *John C. Jackowski* withdrew such claim.

It is further alleged that the proceedings taken by the defendants above recited subsequent to the application for administration were done in fraud of plaintiff's rights and in furtherance of a conspiracy to prevent plaintiff from collecting his said judgment, and that the alleged will and testament so admitted to probate was a forgery and none such had been executed by said deceased.

The plaintiff further alleges that either said will should be declared null and void and the estate should descend as if said deceased had died intestate, or that the defendant *Sadie Jackowski* should be held as trustee of the creditors of said *John C. Jackowski* to an undivided one-third interest, and plaintiff offered to give to the said *Sadie Jackowski* a quitclaim deed to the interest acquired by plaintiff by said execution sale upon payment of the amount of his judgment and disbursements. He further demanded that the claim filed by the said *John C. Jackowski* against the estate of his deceased mother and thereafter withdrawn should be revived and continued and further proceedings had thereon for the benefit of plaintiff and other creditors.

By the amended prayer of the complaint plaintiff asked that a receiver be appointed for the benefit of the creditors of said *John C. Jackowski,* to be subrogated to all of his rights of any kind against said estate and to enforce the same. The defendants interposed separate demurrers, substantially that the

court is without jurisdiction; that the complaint does not state facts sufficient to constitute a cause of action; and that several causes of action are improperly united if any are alleged. The defendant *Antoinette V. Jackowski-Peterson,* who was designated as executrix in the alleged will of the deceased and appointed as such, further demurred on the ground that the court had no jurisdiction of the person of the defendant in her representative capacity.

The circuit court sustained the demurrers as to the allegations in the complaint wherein plaintiff set forth facts for the setting aside of the probate of the will of said deceased, and further held that the demurrers be overruled as to all the other allegations in the complaint wherein facts are alleged for a receiver, and gave the plaintiff leave to file an amended complaint.

The plaintiff appealed to this court from so much of said order as sustained that portion of the respective demurrers as above specified.

For the appellant the cause was submitted on the brief of *F. P. Hopkins.*

*Alex. P. Greenthal,* for the respondents.

ESCHWEILER, J. Appellant has denominated this a creditor's action. The allegations of the complaint, however, show that instead of an execution being returned unsatisfied, which is the prime essential of a creditor's suit (*Harrigan v. Gilchrist,* 121 Wis. 127, 273, 99 N. W. 909), the plaintiff pursued his legal remedies by the sale of real estate and the obtaining of the sheriff's certificate thereon, which must be considered in effect as a satisfaction of the judgment.

Viewing the complaint, however, in the light of the provisions of sec. 2649*a,* Stats., and as construed in *Sullivan v. Ashland L., P. & St. R. Co.* 156 Wis. 445, 448, 146 N. W. 506, that is, if upon the facts stated plaintiff is entitled to any measure of judicial redress, whether equitable or legal, and

whether in harmony with the prayer or not, such complaint shall, upon demurrer, be considered a sufficient pleading, it sufficiently appears, if its allegations be true, that a fraud was perpetrated upon the county court in the probate proceedings of the deceased Pauline Jackowski in having established as the last will of said deceased a forged document, and that it is to the damage of plaintiff. Having purchased the interest of defendant *John C. Jackowski* by the execution sale, the plaintiff stands in the shoes of *John C. Jackowski* sufficiently to be heard in the probate proceedings in question.

The county court, however, has properly assumed jurisdiction of the estate of said deceased and in that forum primarily should be tested all the questions that are raised by plaintiff about that estate. The court below, therefore, was right in holding that the circuit court should not assume jurisdiction over proceedings that attempted in effect to overthrow proceedings properly before the county court. *Archer v. Meadows,* 33 Wis. 166.

It is no longer necessary that the plaintiff should be driven to commence proceedings over again. Under sec. 2836*b*, part of ch. 219, Laws 1915, the court below might have promptly certified the proceedings to the court having proper jurisdiction, and such step may be now directed by this court to be taken.

*By the Court.*—The order appealed from is affirmed and the proceedings remanded to the circuit court with directions to certify the same to the county court of Milwaukee county for further proceedings, appellant to pay the clerk's fees in this court.