McIntyre, Respondent, vs. Carroll, Appellant.

*May 5—June 20, 1927.*

*Fraud: Corporate officer purchasing stock from stockholder:
Equity: Adequacy of legal remedy: How raised: Demurrer:
Assignment of claim in tort.*

1. A complaint alleging that defendant, who was an officer of a
   corporation, secured stock from plaintiff, a stockholder, by
   fraudulent representations as to its value and sold it at a
   profit, states sufficient facts on which to predicate an action
   in tort for deceit.   p. 386.
2. Under sub. (1), sec. 263.06, Stats., providing that a complaint
   is demurrable for lack of jurisdiction of the subject of the
   action, defendant cannot add to his demurrer the words "be-
   cause plaintiff has an adequate and complete remedy at law,"
   not found in the statute, and thus add a substantial element to
   the specified grounds of demurrer.   p. 387.
3. Proper pleading of an action in equity does not require a show-

ing that adequate legal remedies do not exist, in view of sec. 263.07, Stats., providing that a pleading is sufficient if within the field of judicial discernment there may be detected some cause of action. p. 387.

4. Defects in pleading which may be cured by making the pleading more accurate, definite, or certain should be cured by appropriate motions, under secs. 263.43 and 263.44, Stats., rather than by demurrer. p. 387.

5. The better procedure to test the question of whether a trial shall be by a jury or by the court, under sec. 4 of Circuit Court Rule III, is by motion as to the calendar, raised at the first day of a term at which the cause is set to be heard. p. 388.

6. A demurrer to a complaint on the ground that several causes were improperly united cannot be considered where no attempt was made to state as separate causes of action possible claims arising by reason of the assignment of certain claims to plaintiff, as before demurring on this ground defendant should have sought the court's action by a motion to require any separate causes to be separately stated. p. 388.

7. Where a complaint was held sufficient in an action against an officer of a corporation for inducing plaintiff to sell corporate stock through misrepresentations, any determination as to the duties and liabilities of officers and directors towards stockholders from whom the stock is purchased, or as to whether claims for fraud may be assigned, is not proper in advance of the evidence. p. 389.

APPEAL from an order of the circuit court for Juneau county: AUGUST C. HOPPMANN, Judge. *Affirmed.*

This presents defendant's demurrer to the complaint.

The complaint in brief alleged the ownership for a long time by plaintiff of fifty shares of stock, par value $100, in the Mauston Electric Service Company, and of five shares each by her two daughters.

That a strong bond of friendship of sixty years existed between the families of the two parties and confidence and reliance by plaintiff in defendant's honesty and integrity.

That defendant was stockholder, director, secretary, and general manager of said corporation and transacted most of its business.

That in December, 1924, the defendant as such officer

and manager learned of the desire of another company to purchase the property and stock of the Mauston Electric Service Company and of a willingness to pay $145 per share.

That in February, 1925, the defendant, with the other members of the board of directors, gave a thirty-day option to the said proposed purchaser for the sale of their stock at said price, it being understood that the said purchaser would, if it exercised said option, purchase at the same price all of the rest of such stock.

That in February, 1925, defendant fraudulently represented and pretended to plaintiff, in order to have her execute an option to him for the sale of the said sixty shares, that the value of the stock was then below par; that he was desirous of purchasing so that he might obtain a controlling interest and carry out his plans for future development; failed to disclose the fact that there had been such other negotiations for the purchase of said stock and the option aforesaid and the possible purchase of all of the stock at the price of $145.

That, relying upon such situation and confiding in the honesty of the defendant and desiring to assist him in his declared purpose of further development, the plaintiff, on her own behalf and on behalf of her two daughters, gave defendant an option to purchase the said sixty shares of stock at $125 per share, which option defendant accepted and purchased in March, 1925, said sixty shares for $125 per share.

That thereafter, also in March, 1925, the defendant sold the sixty shares so purchased to the other company at $143 per share.

That after learning the facts and in May, 1925, the plaintiff, on her own behalf and as agent for her two daughters, demanded that defendant pay over and account for the difference between the price of $125 and $143 per share, to wit, $1,080; that defendant refused so to do.

That in October, 1925, the two daughters, for valuable consideration, sold and transferred to the plaintiff all their respective rights of action.

That there is due from defendant to the plaintiff by reason of such facts $1,080 with interest from March 17, 1925.

The plaintiff prayed for judgment requiring the defendant to account for the difference between the amounts he paid and received, to wit, $1,080, with interest, and that said sum, constituting the profits resulting from the resale of said stock, be adjudged to be held by defendant in trust for the plaintiff, to be accounted for and delivered to her; that in case such relief be, for any reason, denied, then that defendant be held liable to the plaintiff on account of the fraud, misrepresentation, and concealment and be required to pay the plaintiff the sum of $1,080 damages, together with interest; together with other and further judgment as may be just and equitable.

To this complaint defendant demurred on the grounds that it appears upon the face thereof:

(1) That the court has no jurisdiction of the subject of the action, because plaintiff has an adequate and complete remedy at law.

(2) That the said complaint does not state facts sufficient to constitute a cause of action.

(3) That several causes of action have been improperly united.

Upon hearing the court overruled the demurrer and allowed defendant to plead over.

Defendant excepted to the several parts of such order, and appeals.

For the appellant there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady.*

For the respondent there was a brief by *McFarlane & Loomis* of Mauston, and oral argument by *J. A. McFarlane.*

ESCHWEILER, J.   The defendant contends that his demurrer to the complaint presents for determination whether, if attempting to state a cause for equitable relief, the complaint must be held bad because showing on its face there is adequate remedy at law; further, that a defendant is entitled to have distinctly ascertained by the ruling upon such a demurrer whether the action be one in equity or one at law.   This, so that if held to be the latter, the constitutional right to a trial by jury may be properly preserved, and, in case of a ruling that the cause be in equity, and such ruling is deemed error, the question may be determined on an appeal here from such ruling and before trial.

We now hold that the complaint states sufficient facts upon which can be predicated an action in tort for deceit. In so holding we disregard, as we may and must, the facts or elements therein contained showing or tending to show, as it is claimed by defendant, the pleader's intention to bring him within the field of equitable remedies, and this, even though the latter position is one which the respondent in his brief and on argument here is somewhat loath to relinquish.

We must hold this complaint good if we can discover from the facts alleged that plaintiff is entitled to some measure of judicial redress, whether legal or equitable, and whether in harmony with the prayer for relief or not, by the express direction of sec. 263.07, Stats.   We are also so required by rulings of this court.   *Lipman v. Manger,* 185 Wis. 63, 71, 200 N. W. 663; *Olson v. Skroch,* 182 Wis. 448, 196 N. W. 767; *Sullivan v. Ashland L., P. & St. R. Co.* 156 Wis. 445, 146 N. W. 506; *Hall v. Bell,* 143 Wis. 296, 299, 127 N. W. 967; *Komorowski v. Jackowski,* 164 Wis. 254, 257, 159 N. W. 912.

In sec. 263.06 (sec. 2649), providing for the several grounds upon which a defendant may demur to a complaint, one of such grounds is specified in sub. (1) thereof: "That the court has no jurisdiction of the person of the defendant

or the subject of the action." In defendant's first specified ground of demurrer he relies upon the second phrase thereof, adding, however, the words, not found in the statute, "because plaintiff has an adequate and complete remedy at law."

We cannot agree with counsel for appellant that such a substantial element can be added to the specified grounds for demurrer either by the addition of such words as he added, or by construing the statute itself as covering or including such additional element.

Unquestionably at an earlier date and prior to the adoption of sec. 263.07, *supra,* proper pleading of an action in equity required a showing that adequate legal remedies did not exist. *Level Land Co. v. Sivyer,* 112 Wis. 442, 88 N. W. 317; *Hoff v. Olson,* 101 Wis. 118, 120, 76 N. W. 1121; *Peck v. School Dist.* 21 Wis. 516, 522.

Since the enactment of said sec. 263.07 (sec. 2649a), created by ch. 354, Laws of 1911, the rule has been just to the contrary. *State ex rel. Sheldon v. Dahl,* 150 Wis. 73, 82, 135 N. W. 474; *Sullivan v. Ashland L.; P. & St. R. Co.* 156 Wis. 445, 448, 146 N. W. 506. Such statute cannot be limited, as appellant suggests, to merely preserve for plaintiff the right acquired by service of a summons of jurisdiction of the defendant, but it is intended to preserve the pleading, if within the field of judicial discernment there may be detected some cause of action, however thin, thick, or illy arranged its verbal clothing may be.

The present-day Code permits of speedy methods of requiring pleadings to be made more accurate, definite, or certain when they appear to the opposite party to be too diffuse, discursive, covering too much territory, or aiming in too many directions. All these possible defects may be and should be cured by appropriate motions under such provisions as are embodied in secs. 263.43 and 263.44, Stats. *Lawver v. Lynch,* 191 Wis. 99, 210 N. W. 410. The court

has full power to give adequate remedies and enforce compliance with them by substantial penalty, as declared in *Motowski v. People's Dentists,* 183 Wis. 477, 480, 198 N. W. 465.

We are not here presented with any of the situations such as are dwelt upon with much vigor by appellant's counsel concerning a possible infringement of defendant's constitutional right to trial by jury in actions at law; the proper method in which a denial by a trial court of such claim of right can be presented for remedy here; or as to whether a failure by a defendant to appear on the first day of a term at which any cause is set to be heard and then and there raise by proper objection the question of whether the cause shall be tried by jury or court, under Circuit Court Rule III, sec. 4, is the only remedy, because none of such questions are here before us. The suggestion by this court in *Williams v. Oconomowoc,* 167 Wis. 281, 284, 166 N. W. 322, that the better procedure to test the question of whether trial shall be by jury or court is by motion as to the calendar, is still to be followed. That case did not, nor do we now, construe sec. 270.32, called now to our attention but not mentioned in that case, which specifically provides for the methods of waiving the constitutional jury trial, *i. e.* either by written consent filed with the clerk, or by oral consent in open court entered in the minutes.

No attempt having been made in the complaint to state as separate causes of action possible claims arising by reason that ten of the shares sold to defendant belonged to plaintiff's daughters and which possible claims were thereafter assigned to plaintiff, the third alleged ground of demurrer, namely, that several causes of action have been improperly united, cannot be presently considered. As to that feature of the complaint, also, the defendant should have sought, preliminary to demurrer, the court's action by a motion to require any separate causes of action that might therein be

recited to be separately stated and thus made proper for question on demurrer. We are committed to such technique by the prior holdings of this court, such as *Danielson v. Garage E. M. Co.* 151 Wis. 492, 494, 139 N. W. 443; *Buerger v. Buerger,* 178 Wis. 352, 356, 190 N. W. 126, although there is language in *Burnham v. Milwaukee,* 155 Wis. 90, 93, 143 N. W. 1067, apparently to the contrary. While such a rule may seem to savor somewhat of the technicalities which our statutes and decisions have been aiming to take away, nevertheless it permits of speedy action.

The questions argued as to whether or not the claims of the two daughters for any fraud perpetrated as against them are assignable and can be asserted by an assignee are not before us. The complaint being held good, any determination as to the duties and liabilities of officers and directors towards stockholders from whom corporate stock is purchased is not, in advance of the evidence, now proper or required.

The trial court was correct in overruling the demurrer interposed to the complaint in the form that it then had.

*By the Court.*—Order affirmed.