STARBIRD and others, Respondents, vs. DAVISON, Appellant.

*September 18—October 14, 1930.*

The cause was submitted for the appellant on the brief of *T. L. Doyle* of Fond du Lac, and for the respondents on that of *Barber, Keefe, Patri & Horwitz* of Oshkosh.

FAIRCHILD, J. The plaintiffs seek recovery of defendant for breach of the following contract:

"Know all men by these presents, that I, Thos. L. Davison, for and in consideration of E. F. Starbird, Geo. Stelter, and Frank Mielke taking a certain mortgage from O. H. Hunter and wife for the sum of $15,000 on his 200-acre farm in the town of Utica, Winnebago county, Wisconsin, I agree that in case that the said E. F. Starbird, Geo. Stelter, and Frank Mielke have to foreclose said mortgage that I agree to bid sufficient on the foreclosure sale of said mortgage to protect their interests, providing, however, that I will not be called upon to bid more than $25,000.

"Dated at Ripon, Wisconsin, Jan. 24, 1921.
"(Signed)      THOS. L. DAVISON."

The complaint in form is divided into two causes of action, but there is but one primary right sought to be enforced. The allegations in each cause of action are substantially the same and present one object of controversy for adjudication. *McGovern v. Eckhart*, 200 Wis. 64, 227 N. W. 300. The plaintiffs allege that the agreement was made to induce plaintiffs to make the loan; that relying thereon plaintiffs did loan $15,000 and took a note and mortgage from Hunter and wife; that default occurred; that foreclosure proceedings were duly commenced; the farm sold to plaintiffs for $14,500, that being the highest and best bid; that defendant had notice, was present but did not bid, and on the 15th day of June, 1929, a judgment for deficiency was entered in the foreclosure action for the sum of $5,320.41; that judgment is unpaid, uncollectible, and worthless; that defendant has not done anything to save or protect plaintiffs in the premises.

The defendant demurs to the complaint: That it appears upon its face (1) that it does not state facts sufficient to constitute a cause of action; (2) that several causes of action have been improperly united; (3) that the action was not commenced within the time limited by sec. 330.19, Stats.; and also demurs to each cause of action. The circuit court overruled the demurrer.

A complaint based on a breach of a valid contract to protect plaintiffs from loss up to a certain amount, alleging default, due notice, damages, and showing that plaintiffs were induced to loan $15,000 which, with interest and expenses, accumulated to such an amount that in June, 1929, over and above the amount recovered by sale of the farm on which the loan was made, there remained due and owing to plaintiffs $5,320.41, states a cause of action. Sec. 263.07, Stats.; *Lewko v. Chas. A. Krause Milling Co.* 179 Wis. 83, 190 N. W. 924; *McIntyre v. Carroll,* 193 Wis. 382, 214 N. W. 366.

The objection that the action was not begun within the time limited by sec. 330.19, Stats., is not well founded because the breach which gave rise to the cause of action did not occur until defendant failed to bid at the sale in accordance with his agreement.

We conclude that the action was begun timely, the complaint meets all requirements as to sufficiency on demurrer, and that the demurrer was properly overruled.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.