Theodore ROSENAK, Appellant,

v.

Lou POLLER, Appellee.

No. 15623.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 19, 1961.

Decided May 11, 1961.

---

Mr. Charles B. Rosenak, Milwaukee, Wis., of the bar of the Supreme Court of Wisconsin, pro hac vice, for appellant. Mr. Donald Cefaratti, Jr., Washington, D. C., was on the brief for appellant.

Mr. William C. Wise, Washington, D. C., for appellee. Mr. Lawrence Potamkin, Washington, D. C., also entered an appearance for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an appeal from an order of the District Court dismissing appellant's suit for an accounting under a contract. On March 5, 1955, appellant sold and transferred to the appellee 250 shares of stock in the Midwest Broadcasting Com-

pany, for which appellee paid the sum of $50,000. The contract recited as follows:

"Lou Poller and Ted Rosenak agree as follows:

"Whereas Ted Rosenak owns 250 shares of Midwest Broadcasting Co. stock and whereas Midwest has agreed to dissolve and distribute the proceeds and whereas Ted Rosenak requires funds prior to the final accounting of the dissolution of Midwest, therefore:

"Lou Poller in consideration of the payment by him to Ted Rosenak this date of the sum of $50,000; Ted Rosenak hereby sells, assigns and transfers his 250 shares of stock in Midwest to Lou Poller and therefore:

"Lou Poller agrees that in addition to the payment of the $50,000 made this date to Ted Rosenak that Lou Poller will also pay to Ted Rosenak his 10% share of the net proceeds after the complete dissolution of Midwest assets, less the sum of $6,000 which will go to Lou Poller in consideration of his repurchase of my stock at this earlier date."

The District Court found as a matter of fact that "plaintiff [appellant] failed to establish that there are any net proceeds of Midwest Broadcasting Company's assets available to him in accordance with the terms of the contract, dated March 5, 1955, between plaintiff and defendant." The court concluded that "plaintiff has failed to establish a prima facie case" and entered judgment for appellee.

We think that it was error for the District Court to hold as it did. The effect of the uncontroverted allegations of appellant's complaint was to shift to appellee the burden of establishing the non-existence of any proceeds to which appellant would be entitled. This is the law in the District of Columbia, see Cafritz v. Corporation Audit Co., D.C.D.C. 1945, 60 F.Supp. 627, 631; and it would appear that the courts of Wisconsin— whose law governs the obligations of the

parties under this contract—are of the same view. Under Wisconsin law, the mere showing of a fiduciary relationship arising out of a contract under which one party may be entitled to proceeds realized from a sale to be made by the other constitutes a prima facie case for an accounting. Chaffee v. Conway, 1905, 125 Wis. 77, 103 N.W. 269; Sullivan v. Ashland Light Power & Street Ry. Co., 1914, 156 Wis. 445, 146 N.W. 506. It has in fact been held that "a bill of accounting lies where there is a debt or other legal liability, but where by reason of a need for discovery and the intricacy of the fact situation involved, a jury would not be an appropriate tribunal to hear the cause, and the legal remedy is consequently inadequate" even where no fiduciary relationship exists. City of Milwaukee v. Drew, 1936, 220 Wis. 511, 520, 265 N.W. 683, 692, 104 A.L.R. 1387. The reasons for this rule are plain. An accounting is a species of compulsory disclosure, predicated upon the assumption that the party seeking relief does not have the means to determine how much—or, in fact, whether—any money properly his is being held by another. The appropriate remedy, particularly where the determinations may be detailed and complex, is an order to account in a proceeding in which the burden of establishing the non-existence of money due to the plaintiff rests upon the defendant. Because of the very nature of the remedy, that burden cannot rest upon plaintiff, but must shift to the defendant once facts giving rise to a duty to account have been alleged and admitted.

 We believe that the contract in the case at bar imposed upon the appellee a duty to account. Appellee contends that appellant has failed to make prima facie proof of the existence of proceeds to which he is entitled, and that an accounting would consequently serve no purpose. We disagree. Appellant is less able than appellee to determine the actual value of the proceeds realized or realizable upon the disposition of the corporation's assets, and cannot therefore be expected to prove the existence of a fund to which he may be entitled under the contract. In this connection, we point out that it is the actual value of the corporation's assets determined on a fair and reasonable basis rather than the mere book value which must be considered in determining "net proceeds" under the contract.[1]

From the record before us it would appear that the parties intended that appellant should receive at least $50,000 in any event. Yet, in subsequent proceedings, the question will no doubt arise whether that $50,000, previously paid, is to be considered the first installment on, and thus a partial prepayment of, Rosenak's 10% share of the net proceeds. On the present state of the record we think the question should be answered in the affirmative; in other words, that appellant's 10% share of the "net proceeds" is subject to two deductions: (1) the $6,000 deduction expressly provided for in the contract as being "in consideration of * * * [appellee's] repurchase of my stock at this earlier date," plus (2) the $50,000 prepayment of appellant's shareholder's dissolution share. However, this expression of view is not a final one, and is not intended to preclude a different holding if the evidence taken at subsequent proceedings should so indicate.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

So ordered.

---

1. As to the definition of "net proceeds," under Wisconsin law, we are satisfied that it means what is realized—or should have been realized—after deducting legitimate expenses. See, e. g., Wisconsin Department of Taxation v. Miller, 1942, 239 Wis. 507, 300 N.W. 903, 2 N.W.2d 362, 363; cf. Collins v. Treat, 1930, 108 W.Va. 443, 152 S.E. 205, 207.