L. E. HEWGLEY, Individually and d/b/a HEWGLEY
SEED COMPANY, v. HELEN CORINNE SCALES
TRICE, Executrix under the Will of Joe W. Scales, De-
ceased.—369 S.W. (2d) 741.

Middle Section. August 28, 1962.

Certiorari Denied by Supreme Court May 10, 1963.

Wade & Forrester, Henry & Henry, Pulaski, for plaintiff in error.

Fyke Farmer, Nashville, James B. Ross, Columbia, for defendant in error.

HUMPHREYS, J. The following is a portion of our opinion in this appeal. Included is the portion relating to the pari materia construction of T.C.A. sec. 16-511 and sec. 30-517. Omitted, are such parts of the opinion as relate to other subjects. In order to make the reported portion of the opinion intelligible certain of the omitted parts are paraphrased as follows:

L. E. Hewgley, individually, and d/b/a Hewgley Seed Company, filed a claim in the County Court of Giles County, against the estate of Joe W. Scales, deceased, of which Helen Corinne Scales Trice was executrix. The executrix denied the claim, after which claimant demanded a jury in accordance with T.C.A. sec. 30-516, and the matter was transferred to the Circuit Court for trial.

As amended the claim was for a total of $107,417.31 and consisted of ten different items.

On the trial, after the introduction of all of the evidence, Circuit Judge Joe M. Ingram, acting under T.C.A. sec. 16-511 withdrew the case from the jury as one of equitable cognizance and decided it himself; dismissing the claim, except to the extent the items thereof were then the subject of pending suits in other courts of competent jurisdiction. Error was assigned on this action and with respect thereto we opined as follows:

### Excerpt From Opinion

This brings us to a consideration of the third assignment, that the court erred in withdrawing the issues from the jury, all being issues of fact determinable by a jury.

This assignment of error is not good for two reasons: In the first place, if it was the duty of the trial judge to try the case as a law case, rather than as one of equitable cognizance, under his unchallenged rulings excluding claimant's testimony, there was no evidence to take the case to the jury. And, in the second place, under T.C.A. sec. 16-511, the trial judge's withdrawal of the case from the jury as one of equitable cognizance to be tried by the court was authorized.

With respect to the first proposition, we have already pointed out the judge excluded, without exception there, or here, claimant's testimony, on the "dead man's statute," and on the ground of its inherent improbability. With this evidence out of the record, if we treat the appeal as reviewable as though in equity, there is no preponderance in favor of claimant; and, if we treat it

as one at law, there was no substantial, material evidence to sustain the claim.

However, we think the case is one of equitable cognizance, and the judge's withdrawal of the case should be sustained on that ground.

T.C.A. sec. 16-511 authorizes the circuit court in any suit of an equitable nature either to transfer the case to the chancery court, or to hear and determine the case "upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court."

■ ■ Although sec. 30-517 T.C.A. provides that after a claim has been certified to the circuit court for trial "it shall be proceeded with in that court as in any other law case," it was not intended that a claim against an estate certified for trial in the circuit court should be fixed in the form of an action at law as distinguished from one of equitable cognizance, if it is of such nature as to fall under T.C.A. sec. 16-511. This is implicit in the words "as in any other." "In any other" case, the application of T.C.A. sec. 16-511 would depend upon the nature of the subject matter: whether of equitable cognizance or not. So, this must also be the case with respect to a claim against an estate certified to the circuit court for trial. Where the purpose and the justice T.C.A. sec. 16-511 is designed to accomplish would both be thwarted by dealing with a claim of equitable cognizance according to the forms of law, this should not be done unless mandatorily required by the Code section, which is not the case.

■ It is fundamental that a suit for accounting, involving claims and counterclaims, where the accounts

are complicated, is a suit "of an equitable nature." Greene County Union Bank v. Miller, 18 Tenn.App. 239, 75 S.W.(2d) 49.

It is also the rule that if the case is one involving complicated accounting, so as to be equitable in nature, there is no absolute right of a party to a trial by jury. In Greene County Union Bank v. Miller, supra, this Court said:

> "The court of chancery has inherent jurisdiction in equity over a suit for accounting, a suit involving claims and counterclaims, where the accounts are too complicated to be dealt with in a court of law. Gibson's Suits in Chancery, sec. 953; Taylor v. Tompkins, 2 Heisk., 89.

> "In such case, the question as to the absolute right of a party to a trial by jury is for the chancellor to determine from the pleadings, whether or not the case involves complicated accounting. If it is a case for complicated accounting, such party has no right to demand or have a trial by jury. The foundation of jurisdition in equity in a case of complicated accounts is based upon the inadequacy of the legal remedy, as where there is an embarrassment in making proof; the necessity for a discovery, or the production of books and papers, or where it would be difficult, if not impossible, for a jury to unravel the numerous transactions involved, and justice could not be done except by employing the methods of investigation peculiar to courts of equity. It is well settled that where the accounts are complicated this constitutes of itself sufficient ground for the assumption of jurisdiction by a court of equity, and where

the account is made up of items for and against each party, or the items are numerous and extend over a long period of time. 1 C.J. 618, 619; Taylor v. Tompkins, supra. No hard and fast rule can be laid down as to what constitutes such a complexity of accounts as to authorize a court of equity to assume jurisdiction; each case seems to stand on its own facts. 1 C.J. 620, and cases cited." 18 Tenn.App. 244-245, 75 S.W.(2d) 52.

Having refused the executrix' motion to transfer the case to the chancery court, after hearing all of the evidence on both sides, and having determined the case involved claims of such a complex nature as that they should not be submitted to a jury for solution, the trial judge withdrew the case from the jury and retained it as one to be tried by himself according to the principles of a court of chancery. He was authorized by T.C.A. sec. 16-511 to do this. There is nothing in T.C.A. sec. 30-517 to prevent it, the case was of such a nature as to require it, so we overrule the third assignment of error.

The judgment of the Circuit Court of Giles County is affirmed with costs.

Shriver and Chattin, JJ., concur.