City of Milwaukee, Appellant, vs. Milwaukee Electric Railway & Light Company, imp., Respondent.

*September 23—October 19, 1920.*

*Appeal: Public utilities: Order requiring that complaint be made definite and certain.*

In an action to set aside an order of the railroad commission fixing rates, an order requiring the complaint to be made more definite and certain is not appealable under sec. 3069, Stats., notwithstanding sub. (d), sec. 1797—16, providing

that either party, in an action to review a determination of the commission, may appeal to the supreme court within sixty days after the service of a copy of an order or judgment of the circuit court, since said section refers to an order or judgment on the merits.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Dismissed.*

Plaintiff brought an action to set aside an order of the railroad commission fixing street-car fares in Milwaukee, alleging that the rate of fare fixed was unlawful. The *Milwaukee Electric Railway & Light Company,* a defendant, moved the court that plaintiff be required to make its complaint more definite and certain. An order was entered granting the motion, and from such order the plaintiff appealed.

For the appellant there was a brief by *Clifton Williams,* city attorney, and *Joseph L. Bednarek,* assistant city attorney, and oral argument by *Mr. Bednarek.*

For the respondent there was a brief by *Miller, Mack & Fairchild* and *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *George B. Luhman,* all of Milwaukee.

VINJE, J. The defendant company's contention that the order is not appealable under sec. 3069, Stats., is well taken. *State ex rel. Schumacher v. Markham,* 162 Wis. 55, 155 N. W. 917. Plaintiff concedes this, but claims that the order is made appealable by sub. (d), sec. 1797—16, Stats., which provides that "Either party to said action" (namely, an action to set aside an order or judgment of the commission), "within sixty days after service of a copy of the order or judgment of the circuit court, may appeal to the supreme court." It is clear that the order or judgment referred to in the section quoted means an order or judgment on the merits of the action and not a mere interlocutory order relating to practice. That such is the proper construction is made certain by the language of sec. 1797—17, providing that in

such actions the practice and rules of evidence shall be the same as in civil actions except as otherwise provided.

*By the Court.*—Appeal dismissed.