Motowski, Appellant, vs. People's Dentists of Wisconsin, Respondent.

*March 13—April 8, 1924.*

*Appeal: Order requiring complaint to be made more definite and certain: Motion costs: Costs in supreme court: Failure of respondent to file briefs.*

1. An order requiring the plaintiff to make a complaint more definite and certain and to pay defendant's costs will not be reviewed by this court on appeal from an order staying proceedings by plaintiff until compliance with such order by the payment of costs, since the order is reviewable on appeal from the final judgment notwithstanding the provision for the payment of costs.   p. 480.
2. The trial court may strike out a pleading or dismiss an action as a penalty for noncompliance with its order.   p. 480.
3. An order dismissing an action or refusing to dismiss it because of plaintiff's noncompliance with an order requiring plaintiff to make the complaint more definite and certain and pay motion costs is not appealable.   p. 480.
4. Where respondent's brief was not served in due time, and timely application is made by appellant's counsel under Supreme Court Rule 46, this court in dismissing the appeal will not award costs to the respondent.   p. 481.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Dismissed*.

July 10, 1920, plaintiff brought this action to recover of the defendants on the ground of alleged improper and negligent dental services in the extracting of a tooth.

July 14th the individual defendant, Jesse A. Bowman, by his attorney, moved to make the complaint more definite and certain so far as he was concerned in order that he might plead. The order requiring plaintiff to show cause provided that all proceedings by plaintiff be stayed until the hearing of such motion, and that the time in which the defendants may answer be extended until ten days after the final determination of such motion.

August 3d, on the hearing, an order was made that the complaint be made more definite and certain, and that within ten days after the service of such order a copy of the complaint so amended be served, with $10 costs. Also that the time for defendants to answer or otherwise plead be extended to twenty days after such service.

August 11th the plaintiff filed written exceptions to such order.

No further proceedings appear until October 26th, when plaintiff caused notice to be served on the defendant *People's Dentists of Wisconsin* and on the attorney for the individual defendant of his purpose to apply on November 3d for judgment according to the prayer of the complaint as against the defendant corporation.

October 31st an affidavit of plaintiff's attorney, in substance reciting that the defendant *People's Dentists Company* was in default and had in no manner appeared in said action, was filed with the clerk of the circuit court.

October 30th the attorney for the defendants, by affidavit reciting the prior proceedings, obtained an order to show cause, returnable on November 2d, why an order should not be made staying all proceedings on plaintiff's part until

compliance with the previous order of the court and for other and further relief.

Such action was heard November 2d, and the plaintiff's counsel stated in open court that he elected not to amend said complaint, and then an order was made in substance as follows:

First. That all proceedings by plaintiff be stayed until compliance with the prior order by paying the $10 costs therein provided.

Second. That the action be dismissed as against the individual defendant, Jesse A. Bowman, and all allegations concerning him be stricken from the complaint.

Third. That the plaintiff pay the defendant the *People's Dentists of Wisconsin* $10 costs within ten days after service of the order.

Fourth. That the defendant corporation answer or otherwise plead within ten days.

November 3d the defendant corporation interposed its verified answer.

November 26th the plaintiff appealed from the whole of the order of November 3d.

Upon the appeal being regularly reached for hearing here the appellant's counsel moved to continue the cause under our Rule 46 because respondent's printed brief had not been served within the period fixed by such rules.

For the appellant there were briefs by *Edward A. Mock,* attorney, and *F. H. Gugel* and *Lilian M. Kohlmetz,* of counsel, all of Milwaukee, and oral argument by *Miss Kohlmetz.*

For the respondent there was a brief by *George A. Bowman,* attorney, and *Horace B. Walmsley,* of counsel, both of Milwaukee, and oral argument by *Mr. Bowman.*

ESCHWEILER, J. We are constrained to hold that none of the provisions contained in the order of November 3d, as detailed above and from which the plaintiff attempted to

appeal, are such as can now be passed upon by us under the statute regulating appeals to this court.

The only provision of sec. 3069, Stats., that could possibly authorize such review is sub. (1) thereof, reading as follows: "An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." But no such order is here involved.

We cannot now review the order requiring the complaint to be made more definite and certain. *Milwaukee v. Milwaukee E. R. & L. Co.* 172 Wis. 436, 179 N. W. 511; *State ex rel. Schumacher v. Markham,* 162 Wis. 55, 155 N. W. 917.

That a trial court may strike out a pleading or dismiss an action as a penalty for noncompliance with its order is well established. *Central S. Co. v. Milwaukee-Waukesha B. Co.* 166 Wis. 249, 164 N. W. 994; *Nickerson v. Glines,* 220 Mass. 333, 107 N. E. 942; 18 Corp. Jur. 1181; 9 Ruling Case Law, 204. But an order so dismissing is not appealable. *Puhr v. C. & N. W. R. Co.* 168 Wis. 101, 103, 169 N. W. 305. Neither is one refusing to dismiss. *Gill v. Hermann,* 168 Wis. 589, 171 N. W. 76; *Raymond v. Keseberg,* 98 Wis. 317, 321, 73 N. W. 1010.

While plaintiff may elect to stand upon his original complaint so far as the individual defendant is concerned, still the payment of the motion costs provided for in the order of August 3d would not prevent a review, upon appeal from a final judgment, of so much of that order as directed the making of the complaint more definite and certain. The provision for the payment of the $10 costs of August 3d in the order of November 2d and here sought to be reviewed cannot make the latter order an appealable one. *Welsher v. Libby, McNeil & Libby,* 106 Wis. 291, 82 N. W. 143.

The other provisions of the order of November 2d are clearly not appealable.

The respondent's brief not having been served in due time, and timely application having been made by appellant's counsel to our Rule 46, we shall, under its terms, deny costs to respondent.

*By the Court.*—Appeal dismissed. No costs to respondent.