RILEY and wife, Respondents, vs. UNITED FINANCE COMPANY, Defendant: GRAFF, Appellant.

*March 14—April 9, 1940.*

*Lorin L. Kay,* attorney, and *L. H. Bancroft* of counsel, both of Richland Center, for the appellant.

For the respondents there was a brief by *Lee & Boesel,* attorneys, and *Riley & Riley* of counsel, and oral argument by *William H. Riley* and *Vincent S. Reilly,* all of Madison.

FRITZ, J. In the first part of their complaint plaintiffs allege that on September 8, 1933, they loaned $3,500 to be used in a business conducted under the name of United Finance Company for the sale of automobile finance paper; and that to evidence the indebtedness for that loan a judgment

note, payable March 8, 1934, was delivered to plaintiffs. Following these allegations, additional facts are stated separately as basis for recovering the $3,500 and interest either (1) from the defendants Graff and Hudson, as partners jointly and severally liable therefor on the theory that the money was loaned to the United Finance Company as a partnership composed of Graff and Hudson, or (2) from Graff alone on the alternative theory that he is liable because he has been unjustly enriched by having the use and benefits of the sum loaned and the finance paper purchased therewith. Thus, as basis for their first theory of liability plaintiffs allege that when the loan was made on September 8, 1933, Graff and Hudson were engaged as copartners in the business, under the name of United Finance Company, of financing the sale of automobiles; that under that name they delivered to plaintiffs on June 29, 1934, their promissory note to pay $3,500 with interest to plaintiffs two years after date; that the consideration for the note was the benefit received by the partnership from the loan by plaintiffs on September 8, 1933, and the surrender of an original note therefor; that the note of June 29, 1934, was executed by Hudson for the partnership, as one of the partners, and he had or appeared to have authority to execute it; and that no part thereof has been paid and it is owned and held by the plaintiffs. The facts thus alleged are sufficient to constitute a cause of action against both defendants as partners liable for the loan, evidenced by the partnership note; and consequently Graff's demurrer was rightly overruled in so far as it was based on the grounds that neither the facts alleged in the complaint as a whole, nor the facts alleged in support of plaintiffs' first alternative theory of liability are sufficient to constitute a cause of action. In support of these grounds for his demurrer, Graff claims that the facts alleged in the amended complaint as a whole and also as a separate cause of action, as basis for their first theory of liability that the loan

was made to the partnership and was evidenced by its note, are inconsistent with and therefore negatived by (1) facts which appeared in the original complaint by attaching thereto the judgment note signed "United Finance Co. (Seal) Wm. G. Hudson (Seal) ;" and by (2) facts which are alleged in their amended complaint as basis for their second alternative theory of liability, that the loan was made to Hudson alone, doing business as United Finance Company.

These claims cannot be sustained. The facts which appear in. the original complaint or from the note attached thereto are not involved and cannot be taken into consideration in passing upon the demurrer to the amended complaint. The latter, which is an entirely new complaint without any reference therein to the original complaint, is complete in itself and superseded the former complaint so that the allegations therein were no part of the amended complaint, and the sufficiency of the facts alleged therein to constitute a cause of action must be determined solely upon its allegations. Likewise, under the provision in sec. 260.11, Stats., which authorizes a plaintiff to "join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other," mere inconsistencies between facts separately stated in support of one of two alternative theories of liability are not to be deemed to render facts alleged in support of the other theory insufficient to constitute a cause of action. Consequently, the demurrer was rightly overruled in so far as it related to the first theory of liability and to the complaint as a whole.

On the other hand, the demurrer to the cause of action alleged as plaintiffs' second alternative theory of liability should have been sustained. In support of that theory plaintiffs alleged that prior to September 8, 1933, Hudson, doing business as United Finance Company and engaged in financ-

ing automobile sales, used $3,500, borrowed from plaintiffs, to purchase automobile finance paper; that between April 15 and June 20, 1934, Graff "took over" the assets of Hudson's business, including the finance paper purchased with the $3,500 loan, which had not been repaid; that Graff knew that the assets included the finance paper so purchased and that Hudson was indebted to plaintiffs; that Graff assumed full management and control of these assets and took upon himself the liquidation thereof and the payment of Hudson's obligations; that Graff had the use and benefit of the sum loaned by plaintiffs and refused to pay that sum to them, and has been unjustly enriched thereby. Plaintiffs claim that these allegations are sufficient to constitute a *quasi*-contractual liability because it appears therefrom that Graff, by taking over the business and assets of Hudson, including the finance paper purchased with the $3,500 loan, received the use and benefit of that sum with knowledge of its source; and that his retention thereof is inequitable and he has been unjustly enriched thereby. Graff contends, however, that the allegations are insufficient to constitute a cause of action against him because it does not appear that there was ever any contract, agreement, or understanding between him and any third party or the plaintiffs for their benefit, or that any consideration passed from Graff or otherwise, or that there was any liquidating trusteeship or tortious taking of the assets by Graff with a resulting *quasi*-contractual liability upon which liability by him to plaintiffs can be predicated.

This contention must be sustained. In addition to the failure in the respects stated it is also true, as Graff claims, that it does not appear that there was any lien in favor of plaintiffs or that Graff assumed to discharge any such lien on the assets which he took over. The mere fact that he knew the finance paper was purchased with money borrowed from plaintiffs did not render him liable to them for the money.

Even though he took over the finance paper and other assets and assumed the management, control, and liquidation thereof, including payment of Hudson's obligations, it does not follow that Graff has been unjustly enriched thereby so as to result in any *quasi*-contractual liability to plaintiffs. In the absence of allegations showing that there has been liquidation of the finance paper as the result of which funds directly applicable to plaintiffs' claim are available and wrongfully withheld by Graff, or that there has been neglect or misconduct on his part in his management or of the liquidation thereof, the facts alleged are insufficient to state a cause of action. It follows that because the court erred in not sustaining the demurrer to the cause of action which plaintiffs intended to state on their second theory of liability, the order under review must be reversed with directions to enter an order sustaining the demurrer in that respect, but overruling the demurrers to the cause of action alleged on the first theory of liability and to the complaint as a whole.

*By the Court.*—Order affirmed in part; and reversed in part, and cause remanded with directions to enter an order as directed in the opinion; with costs taxed in favor of the appellant.