WEINSTEIN, Respondent, v. McCABE and others, Appellants.

*No. 277. Argued May 8, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 210.)

For the appellants there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there was a brief and oral argument by *Thomas C. Wilkoski* of Milwaukee.

BEILFUSS, J. The two pertinent allegations of the complaint are as follows:

"2. The defendants, Morgan L. McCabe, and Jean McCabe, (also known as Jean Kaufman and Jean Starr), are husband and wife, and are engaged in the business of operating and managing the Westgate Hotel, located at 1722 W. Wells Street, in the city of Milwaukee, county of Milwaukee, state of Wisconsin, as well as other properties in the city of Milwaukee, and both defendants reside in Milwaukee, Wisconsin. Westgate Motor Hotel, Inc., is a Wisconsin corporation, with offices at 1722 W. Wells Street, and is the owner and operates the hotel at said address.

"3. That at the special instance and request of the defendants the plaintiff rendered legal and accounting services, which the defendants promised and agreed to pay plaintiff at the rate of $35 per hour for legal services, and $12.50 per hour for accounting services, and to reimburse said plaintiff for all necessary disbursements incurred on their behalf."

The complaint then alleges the dates and hours of services performed and the charge therefor; that part of the total amount was paid and that demand has been made for the balance due.

We conclude the complaint does state a cause of action for services rendered at the "special instance and request of the defendants," and that but one cause of action is stated.

The appellants' principal argument is that the defendants consist of two individuals and one corporate de-

fendant; that the corporation can act only through its authorized officers and agents; and that there is no allegation as to such corporate authority. The McCabes are identified as the managers of the corporation and the allegation is sufficient to stand the challenge by demurrer.

"It is ordinarily sufficient to allege in general terms the acts or contracts of a corporation by or through its officers or agents, or the authority of such officers or agents, especially where it is further alleged that the corporation ratified the acts of its representative. It is commonly held that the acts constituting the cause of action should be alleged as the acts of the corporation, and that it is not necessary to aver that they were done by and through the authorized agents of the corporation, particularly where the acts are ultra vires; that an allegation that an act was done by the corporation is a sufficient allegation of authority on the part of the person who performed the act in question; and that it is not necessary to allege the name of the officer or agent who committed an alleged wrongful act, or with whom the contract in suit was made, at least where such information is more available to the adverse party than to the pleader. . . ." 19 C. J. S., *Corporations,* pp. 1033, 1034, sec. 1334.

The contention that the contract is void and unenforceable as to the corporation because it is a promise, not in writing, "to answer for the debt, default or miscarriage of another person" is of no avail to the appellants under the allegations of the complaint.[1] The complaint does not allege the corporation agreed to pay for the McCabes—it alleges, in substance, that all three defendants, including the corporation, requested the services be performed.

The following citation reveals the liberality that is afforded pleadings when challenged by demurrer:

"On the subject of sufficiency it matters not what kind of a cause of action, by name, within the broad mean-

---

[1] Sec. 241.02, Stats.

ing of 'a civil action' the pleader attempted to state, or whether he attempted to state more than one cause of action. It was not essential that he should do more than to state concisely the facts constituting his claim for redress; that is the civil wrong he believed had been caused to him. Neither was it essential that he should ask for the proper relief,—only that he should ask for such relief as he supposed himself entitled to. Sec. 2646, Stats. Neither any misstatement as to the precise nature of the wrong, as classable by common-law names, or misstatement as to the kind of relief, or mere indefiniteness of statement are of any particular moment, as regards either sufficiency of cause or proper joinder of causes of action. It matters not that the pleading could be reasonably construed so as to defeat it, upon one or other of the grounds of demurrer, or that even, gathering from it the general idea of the pleader, would defeat it. So long as giving to the language used the most liberal construction it will reasonably bear in favor of the pleader; not necessarily in favor of the pleader's idea of the form or scope of the redress, but the idea that a remediable wrong of a civil nature of some kind had been done to the plaintiff, it can be seen that some form and measure of judicial redress is due him, there is no fatal insufficiency.

"Such is the very simple liberal rule of the Code. Regardless of the nature of the wrong, within the broad field of competency of one person to remediably do another injustice of a civil character, our system affords the civil action. Sec. 2600, Stats. That fits all situations, —those requiring jury interference and those which do not as well,—and no narrow construction of pleadings or mere technicalities of any kind are permitted, under our system, to interfere with the course of procedure from initiation to conclusion. Sec. 2668, Stats. These principles are so firmly crystallized into our written law and have been so often vindicated in our unwritten law, that there is no further need for referring to statutes or decisions with particularity. The original spirit of the Code is in complete dominance by the judicial will, many times illustrated, and by the legislative will, emphasizing anew and unmistakably the early idea of the lawmakers, particularly in sec. 3072m and sec. 2649a. The former, incorporating into the Code in legislative language the idea of this court as to what was, probably, in the be-

ginning intended to be accomplished, sufficiently rounds out our general observations, giving point thereto as particularly applicable to the complaint before us.

"Thus, in case of a general demurrer to a complaint, 'if upon the facts stated, construing the pleading as provided in section 2668, plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress.' To understand the full scope of this wise provision, it must be viewed in the light of the spirit of the whole system of procedure for the redress and prevention of wrongs of a civil nature, of which it forms a part, particularly the section therein specifically referred to which requires that:

" 'In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties.' Sec. 2668, Stats." *Sullivan v. Ashland, Light, Power & Street Ry. Co.* (1914), 156 Wis. 445, 448, 449, 146 N. W. 506.

If the appellants are of the belief that the complaint does not sufficiently set forth the theory of the plaintiff, their remedy is by motion to make more definite and certain or discovery in aid of pleading.

"The present-day Code permits of speedy methods of requiring pleadings to be made more accurate, definite, or certain when they appear to the opposite party to be too diffuse, discursive, covering too much territory, or aiming in too many directions. All these possible defects may be and should be cured by appropriate motions under such provisions as are embodied in secs. 263.43 and 263.44, Stats. *Lawver v. Lynch,* 191 Wis. 99, 210 N. W. 410. The court has full power to give adequate remedies and enforce compliance with them by substantial penalty, as declared in *Motowski v. People's Dentists,* 183 Wis. 477, 480, 198 N. W. 465." *McIntyre v. Carroll* (1927), 193 Wis. 382, 387, 388, 214 N. W. 366.

*By the Court.*—Order affirmed.