NELSON, Appellant, v. CITY OF MILWAUKEE, Respondent.

*No. 179. Argued January 2, 1973.—Decided January 30, 1973*
(Also reported in 203 N. W. 2d 684.)

168

For the appellant there was a brief by *Eisenberg, Kletzke & Eisenberg,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent there was a brief by *James B. Brennan,* city attorney, and *Thomas E. Hayes,* assistant city attorney, and oral argument by *Mr. Hayes.*

HANLEY, J.   Two issues are presented on this appeal.

■ Does plaintiff's amended complaint set forth sufficient facts to constitute a cause of action for negligent confinement; and

■ Was it error for the trial court to resort to the allegations contained in plaintiff's first complaint to determine that no valid cause of action was stated in the amended complaint?

In the case of *Strong v. Milwaukee* (1968), 38 Wis. 2d 564, 157 N. W. 2d 619, this court held that sec. 895.43 (3), Stats.,[1] which precludes the bringing of a suit against a political corporation for the intentional torts of its officers or employees, rendered a complaint containing allegations of false imprisonment and false arrest of a party by a police officer of the defendant city demur-

---

[1] "895.43 **Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.**

" . . .

"(3) No suit shall be brought against any political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers, officials, agents or employes nor shall any suit be brought against such fire company, corporation, subdivision or agency or against its officers, officials, agents or employes for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions."

rable. By dicta in the *Strong Case* it was stated at page 569:

". . . [T]his court is not required to reach the question of whether a complaint couched in terms of negligent confinement, premised upon a good faith action of an officer, would circumvent the prohibitions of sec. 895.43, Stats."

Plaintiff's amended complaint alleges that he was confined by three officers of the city's police department and that as a result of this he "was forced to spend time in jail. . ." Although the complaint prefaces these allegations by stating that the confinement was "negligent" it is obvious from the allegations of the amended complaint that the officers intentionally arrested, booked and jailed the plaintiff. In *Strong,* the plaintiff contended that the tort involved was more in the nature of negligence in that it arose out of a "failure to make a reasonable inquiry." The court found the allegation in that complaint that the plaintiff was "arrested and imprisoned" was sufficient to demonstrate that the essence of the action was one for the intentional tort of false imprisonment and in that regard there is little difference between that and the complaint in the present case, alleging that the plaintiff was booked and forced to spend time in jail.

The amended complaint, in essence, alleges that the plaintiff did nothing to justify his confinement, that the officers failed to investigate and failed to permit plaintiff to explain his actions. The only reasonable inference drawn from these facts is that the officers intentionally arrested the plaintiff.

Therefore, having determined that the imprisonment was an intentional tort, it follows that direct action against the city is precluded by sec. 895.43 (3), Stats.

*Use of allegations of first complaint.*

The trial court was of the opinion that in deciding whether plaintiff's amended complaint set forth facts sufficient to constitute a cause of action, it could properly resort to the allegations contained in the first complaint.

The general rule as to which facts may be resorted to in determining whether a complaint sets forth sufficient facts to constitute a cause of action was stated most succinctly in the case of *Ryan v. First Nat. Bank & Trust Co.* (1940), 236 Wis. 226, 232, 294 N. W. 832:

"It should not be necessary for us to point out that when a party demurs to a pleading he raises sufficiency of the allegations contained in the pleading demurred to, to state a cause of action. The demurrant may not import into the statement of one cause of action the allegations of fact contained in another pleading for the purpose of making it or attempting to make it defective or insufficient."

This court has reaffirmed the general rule as recently as *Thomas v. Kells* (1971), 53 Wis. 2d 141, 191 N. W. 2d 872.

Peculiarly relevant to the facts present in the case at bar is *Riley v. United Finance Co.* (1940), 234 Wis. 389, 291 N. W. 392, where the defendant was appealing from an order overruling his demurrer to plaintiff's amended complaint. The defendant contended that because facts alleged in the amended complaint, which itself was based on a new cause of action, were inconsistent with the facts alleged in the original complaint, the allegations of the amended complaint were thereby negated. In putting to rest this contention the court, at page 392 of the decision, stated:

"These claims cannot be sustained. The facts which appear in the original complaint or from the note at-

tached thereto are not involved and cannot be taken into consideration in passing upon the demurrer to the amended complaint. The latter, which is an entirely new complaint without any reference therein to the original complaint, is complete in itself and superseded the former complaint so that the allegations therein were no part of the amended complaint and the sufficiency of the facts alleged therein to constitute a cause of action must be determined solely upon its allegations."

Based upon the aforementioned authority, the trial court should not have considered the allegations of fact contained in plaintiff's initial complaint. However, because the confinement for which recovery is sought in this case was alleged to be intentional the trial court acted properly in sustaining the city's demurrer to the amended complaint without leave to amend.

*By the Court.*—Order affirmed.