SCHWEIGER, Respondent, v. LOEWI & CO., INCORPORATED, Appellant.

*No. 230. Argued September 10, 1974.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 882.)

For the appellant there were briefs by *Gibbs, Roper & Fifield,* attorneys, and *Clay R. Williams* and *John W. Hein* of counsel, all of Milwaukee, and oral argument by *Mr. Williams.*

For the respondent there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

HANLEY, J. The sole issue is whether the complaint states facts sufficient to constitute a cause of action.

The appellant states that this appeal is from that part of the order overruling the demurrer to the complaint and from the order overruling the demurrer to the amended complaint. It is not necessary, however, to consider the original complaint because it is supplanted by the amended complaint. *See: Werner v. Riemer* (1949), 255 Wis. 386, 388, 39 N. W. 2d 457, 39 N. W. 2d 917.

When a pleading is challenged by demurrer, it is to be liberally construed with a view to substantial justice to the parties and it is entitled to all reasonable inferences in favor of the pleadings which can be drawn from the facts pleaded. Sec. 263.27, Stats.; *Padilla v. Bydalek* (1973), 56 Wis. 2d 772, 775, 203 N. W. 2d 15.

The rules relating to appellate review of orders overruling or sustaining demurrers are summarized in *Jennaro v. Jennaro* (1971), 52 Wis. 2d 405, 410, 190 N. W. 2d 164, as follows:

"The litmus paper by which a complaint, attacked by means of demurrer, is to be tested in Wisconsin is that demurrer fails if the complaint, liberally construed, expressly, or by reasonable inference, states any cause of action." (P. 409.)

The amended complaint alleges the plaintiff is a physician and resident of Milwaukee county. The defendant corporation is an investment house holding itself out as having unique expertise in the field of advising its customers as to their investments and use of money for maximum security and gain. The plaintiff alleges that he sought out and obtained the defendant's services "through responsible officers of the defendant," and as a result advice and recommendations were made by the defendant which the plaintiff followed.

The amended complaint then states:

"5. That the defendant, in addition to its general holding out of its expertise and superior knowledge in the field of investments and money management, specifically represented to the plaintiff that the defendant had unique and specific information with reference to a certain security, to-wit: Unicare Health Services, by virtue of the defendant's 'making a market' and 'holding shares in' and 'being on the Board of Directors' of Unicare and that by virtue of such unique and 'inside' information, recommended to the plaintiff that he invest in Unicare, which he did from time to time, upon the advice and recommendations of the defendant;

"6. That the defendant did not have unique information with reference to Unicare or in the alternative, if they did have, then there was no disclosure to the plaintiff of that unique information and the defendant either knew or should have known the recommendations with reference to investment with Unicare were not based upon sound investment banking recommendations and on the contrary, the defendant either knew or should have known that an investment in Unicare, if all the facts were then disclosed, was hazardous and insecure;

"7. That the defendant either had inside information concerning Unicare and misrepresented such information to the plaintiff, or in fact had no inside information when it in fact represented that it did have, all of which caused the plaintiff to rely upon the expertise of the defendant to his detriment with reference to the investment in Unicare;

"8. That because of the neglect with reference to Unicare as pleaded in paragraphs 5, 6 and 7 above, plaintiff's damage and loss amounted to the sum of Eighty Thousand ($80,000) Dollars."

Paragraph 9 of the amended complaint alleges that the defendant made other recommendations which the plaintiff relied upon and that the value of these specified investments declined to the plaintiff's damage in the amount of $25,000. It is further alleged in this paragraph that this damage, as well as that pleaded in paragraph 8, was "proximately caused by the neglect of the defendant

in failing to exercise that standard of care they were then called upon to exercise as above pleaded."

The amended complaint concludes by alleging that by the pleaded neglect of the defendant, the plaintiff was damaged in the sum of $105,000 and demands judgment in that amount.

The amended complaint in this case fails to give any dates whatsoever as to when the plaintiff sought out and obtained the services of the defendant, when the recommendations were made, when the plaintiff relied upon these recommendations by making the investments and when the plaintiff suffered the damages. The only reference as to who might have made the recommendations is that the plaintiff obtained the defendant's services "through responsible officers of the defendant." However, most of the above stated information is peculiarly within the defendant's knowledge, the defendant being required by law to keep records of all transactions with customers.

Sec. 802.03 (8) of the Proposed Code of Civil Procedure for Wisconsin, 1973 Wis. L. Rev. (Special Edition) 27, does provide that averments of time and place are material for purposes of testing the sufficiency of the pleadings. This proposed section, however, is based on Rule 9 (f) of the Federal Rules of Civil Procedure. That rule has been interpreted as subjecting complaints lacking averments of time to motions for a more definite statement (equivalent to a motion to make more definite and certain) but not to motions to dismiss for failure to state a cause of action (demurrer). *Kuenzell v. United States* (N. D. Cal. 1957), 20 F. R. D. 96. In this case, while a motion to make more definite and certain was made with the original complaint, and denied by the trial court, no such motion was made to the amended complaint.

The amended complaint states that the plaintiff relied upon the defendant's representations, that this was to his

detriment, and that he was damaged to the sum of $80,000 and that this damage was proximately caused by and the result of the defendant's neglect. It does not state how this damage occurred or how it was caused by the defendant's conduct.

It is fundamental that actual damage is an essential element of a cause of action based on negligence or fraud. *Widemshek v. Fale* (1962), 17 Wis. 2d 337, 117 N. W. 2d 275. A plaintiff is not required to allege damage where it appears from the facts that damage resulted as a matter of law in order to state a cause of action.

"Where, however, it is sought to recover special damages such damages must be pleaded and there must be an allegation that the damages were caused by the facts which gave rise to the cause of action." *Maxwell v. Stack* (1945), 246 Wis. 487, 497, 17 N. W. 2d 603.

While the complaint does lack details as to the damages, it does state that the plaintiff was damaged and that this was caused by the defendant's neglect as to the representations made and by the failure to exercise the standard of care required of the defendant.

This court has held that evidentiary facts need not be pleaded. *First Credit Corp. v. Myricks* (1968), 41 Wis. 2d 146, 163 N. W. 2d 1. Also, items of damage in a prayer for relief are not challengeable by demurrer and the fact that the plaintiff asks for more than the pleaded facts entitled him to is not reached by demurrer. *Hertz Corp. v. Red Rooster Cheese Co.* (1972), 55 Wis. 2d 701, 706, 200 N. W. 2d 603, and *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. 2d 390, 398, 120 N. W. 2d 70. On this point, it should be remembered that whether or not the plaintiff can prove the alleged facts is not the issue on demurrer. *Padilla v. Bydalek, supra.*

While it can be argued that the generalities of the allegations of damages also fails to fairly apprise defendant

of matters to be tried, the appropriate remedy for the defendant on this point is a motion to make more definite and certain. *Weinstein v. McCabe* (1969), 43 Wis. 2d 76, 81, 168 N. W. 2d 210.

In addition to the question of specificity as to the facts of this case, there is a question as to what theory or theories on which the plaintiff bases this action. In paragraph 6, the plaintiff has alleged facts which go to two different theories of recovery. First, it is alleged that the defendant did not have unique information regarding Unicare. This, taken together with paragraph 5, amounts to an allegation of misrepresentation because in paragraph 5 it is alleged that the defendant represented it did have unique information. Secondly, it is alleged, in the alternative, that if the defendant did have unique information, it did not pass this information on to the plaintiff. This would, if true, be a breach of the defendant's fiduciary duty to its customer.

In paragraph 7, the plaintiff again asserts the misrepresentation theory. Again, the allegations are in the alternative. It is alleged that the defendant misrepresented that information to the plaintiff.

In *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 131 N. W. 2d 331, this court said that allegations in the alternative are fatally defective. This rule was modified somewhat in *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 431, 213 N. W. 2d 64. In the more recent case it was stated that allegations in the alternative are fatally defective if the least allegation fails to state a cause of action.

Here the alternative allegations are basically that the defendant did or did not have unique information as to Unicare. The same basic alternatives are alleged in both paragraphs 6 and 7. The allegations in both paragraphs as to the statement that the defendant did not have unique information alleges misrepresentation in that the

defendant represented that it did have such information. As to the statements that the defendant did have such information, the plaintiff asserts breach of a fiduciary duty and misrepresentation.

This court has recognized that liability for an untrue representation may be based upon intent to deceive, negligence or strict responsibility. *Stevenson v. Barwineck* (1959), 8 Wis. 2d 557, 99 N. W. 2d 690. Here, it is only necessary to deal with the theory of negligent misrepresentation. The elements for a cause of action for negligent misrepresentation are stated in *Whipp v. Iverson* (1969), 43 Wis. 2d 166, 169, 170, 168 N. W. 2d 201. These elements are: (1) There must be a duty of care or a voluntary assumption of a duty; (2) the representation must be of a fact and made by the defendant; (3) the representation of fact must be untrue; (4) the plaintiff must believe such representation to be true and rely thereon to his damage; and (5) the defendant must have failed to exercise ordinary care in making the misrepresentation or in ascertaining the facts.

There can be little question that a duty of care existed here. The plaintiff alleges that he sought out and obtained the defendant's services and that as a result of the arrangement, advice was given and recommendations were made. Nothing more is needed to establish that the defendant owed a duty to the plaintiff not to be negligent.

The complaint does allege that the defendant made the representations complained of. The problem as to specifying exactly who made the statements has already been discussed. The misrepresentation must be of a fact. If the defendant did not have unique information, the misrepresentation was to the fact that he did. If the defendant did have such information, then it is alleged that the misrepresentation was as to what that information was.

As to the necessity that the plaintiff believe the representations to be true and rely thereon, the complaint states that the representations caused the plaintiff to rely upon the expertise of the defendant. While there is no specific allegation of plaintiff's belief in the truth of the representations, such belief can reasonably be inferred from the fact that plaintiff was relying on defendant's expertise.

All that is needed to allege that the defendant negligently made the misrepresentation is that there be a general statement that the defendant negligently made them where specific acts which resulted in the plaintiff's damages are alleged. *Weber v. Naas* (1933), 212 Wis. 537, 540, 250 N. W. 436. The amended complaint does allege that the defendant knew or should have known that the recommended investment was hazardous and insecure, that the damage was the result of the defendant's failure to exercise the required standard of care. Therefore, all of the elements of the negligent misrepresentation theory are stated.

As to the fiduciary duty theory, the amended complaint alleges that the defendant's services were obtained for the handling of the plaintiff's financial investments. One whose services are obtained for this purpose owes a fiduciary duty to the one who obtained those services. *Alexopoulos v. Dakouras* (1970), 48 Wis. 2d 32, 179 N. W. 2d 836, and Restatement, 1 *Agency* 2d, sec. 1. Where such a fiduciary duty exists, the agent has a duty to disclose all material information in its possession as to the transactions involved. Restatement, 2 *Agency* 2d, sec. 381.

This theory of the fiduciary duty gets this court close to the Securities Exchange Act of 1934. The defendant argues that he could not disclose any unique or inside information obtained in the manner alleged in the amended complaint. *Securities and Exchange Comm. v. Texas Gulf Sulphur Co.* (2d Cir. 1968), 401 Fed. 2d 833. This case is not based on the Securities Exchange Act but

rather it is one based on a breach of a fiduciary duty. It does not seek to force the defendant to disclose the unique information as was attempted in *Slade v. Shearson, Hammill & Co., Inc.* (S. D. N. Y. 1973), 356 Fed. Supp. 304, affirmed, 486 Fed. 2d 1395. All this theory involves is a remedy for the plaintiff where the defendant made recommendations based on the representations without disclosing the information. If the information could not be disclosed, the defendant should not have been making the recommendations based on it.

While the amended complaint is not a model of good draftsmanship, we construe it as alleging facts sufficient to constitute a cause of action on the theory that there has been a breach of a fiduciary duty.

Therefore, neither theory nor alternative allegations is insufficient to constitute a cause of action and the complaint is not defective because of alternative allegations.

Sec. 263.04, Stats., requires that separate causes of action be pleaded separately. This court, however, has defined "cause of action" as a grouping of facts which fall into a single unit or occurrence as a lay person would view them. *Antigo Superior Nursing Home, Inc. v. First Federal* (1971), 51 Wis. 2d 196, 186 N. W. 2d 265. Here, while there are different theories of recovery, there is but one cause of action stated in paragraphs 5, 6, 7 and 8 because there is but one unit of facts. While it would be better pleading to have separately stated the different theories of recovery, this is not required by sec. 263.04.

Since there is a cause of action stated in the amended complaint, it is not necessary to determine if paragraph 9 sufficiently sets forth another cause of action. A demurrer will not be sustained if at least one cause of action is stated. *Black Eagle Oil Co. v. Globe Oil & Refining Co.* (1958), 3 Wis. 2d 340, 88 N. W. 2d 684. The defendant's demurrer was a general one and, therefore, governed by sec. 263.07, Stats.

*By the Court.*—Order affirmed.