BARANOWSKI, Respondent, v. CITY OF MILWAUKEE, Appellant: JOHNSON and another, Defendants.

*No. 560 (1974). Argued October 30, 1975.—Decided November 25, 1975.*

(Also reported in 235 N. W. 2d 279.)

For the appellants there were briefs by *James B. Brennan*, Milwaukee city attorney, and *Rudolph T. Randa*, assistant city attorney, and oral argument by *Grant Langley*, assistant city attorney.

For the respondent there was a brief by *Zubrensky, Padden, Graf & Bratt* of Milwaukee, and oral argument by *James P. Maloney* of Milwaukee.

BEILFUSS, J. When challenged by demurrer, a complaint must be liberally construed in favor of stating a

cause of action. The pleading is entitled to all reasonable inferences which can be drawn from the facts alleged.[1] Despite this rule, we conclude the demurrer should have been sustained.

Sec. 895.43, Stats., permits an injured party to bring an action against a political corporation or governmental subdivision, subject to the procedural requirements and limitations set forth in the section, by reason of torts committed by its officers, agents or employees. Sub. (3)[2] of the section provides no action shall be brought directly against the governmental unit for the intentional torts of its officers, agents or employees.[3]

The city's position is that despite characterizing the acts of the officers as negligent, the allegations of the complaint constitute the intentional tort of assault and battery or excessive use of force and that, as such, intentional torts cannot be confused with negligence.[4] In support of this position the city cites *Strong. v. Milwaukee, supra,* and *Nelson v. Milwaukee* (1973), 57 Wis. 2d 166, 203 N. W. 2d 684.

---

[1] *Falk v. Whitewater* (1974), 65 Wis. 2d 83, 221 N. W. 2d 915; *Schweiger v. Loewi & Co., Inc.* (1974), 65 Wis. 2d 56, 221 N. W. 2d 882; *Slawek v. Stroh* (1974), 62 Wis. 2d 295, 215 N. W. 2d 9; *Continental Bank & Trust Co. v. Akwa* (1973), 58 Wis. 2d 376, 206 N. W. 2d 174.

[2] "895.43 **Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.** . . . (3) No suit shall be brought against any political corporation, governmental subdivision or any agency thereof for the intentional torts of its officers, officials, agents or employes nor shall any suit be brought against such fire company, corporation, subdivision or agency or against its officers, officials, agents or employes for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions."

[3] In some instances the city may be required to pay a judgment and costs recovered against an officer, agent or employee for tortious conduct by virtue of sec. 270.58, Stats., *but see Strong v. Milwaukee* (1968), 38 Wis. 2d 564, 569, 157 N. W. 2d 619.

[4] *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 114 N. W. 2d 105.

In *Nelson* the complaint alleged the plaintiff was negligently confined by three city police officers. At page 170 of the opinion the court stated:

"Although the complaint prefaces these allegations by stating that the confinement was 'negligent' it is obvious from the allegations of the amended complaint that the officers intentionally arrested, booked and jailed the plaintiff."

The court, in *Nelson,* made this reference to *Strong, supra,* at page 170:

"In *Strong,* the plaintiff contended that the tort involved was more in the nature of negligence in that it arose out of a 'failure to make a reasonable inquiry.' The court found the allegation in that complaint that the plaintiff was 'arrested and imprisoned' was sufficient to demonstrate that the essence of the action was one for the intentional tort of false imprisonment and in that regard there is little difference between that and the complaint in the present case, alleging that the plaintiff was booked and forced to spend time in jail."

In this case we are likewise of the opinion that, although couched in the terms of negligence, the complaint alleges an intentional trespass and assault and battery. The plaintiff seeks damages resulting from an unlawful forcible entry and the intentional physical attack upon him. The actual entry into the building and the physical force used by the police against the person of the plaintiff were intentional acts. This we believe to be the gravamen of the plaintiff's complaint and labeling the acts as negligence does not make it otherwise.

The defense to the alleged trespass and assault and battery is privilege. That is to say, a law enforcement officer is cloaked with a legal privilege to commit acts that would otherwise constitute an intentional tort if he acts within the scope of his authority and uses only such force as is reasonably necessary to accomplish his legally authorized purpose.

The allegation that the officers "[f]ailed to properly determine whether there was probable cause to believe that any persons within the confines of the said Plaintiff's home and residence had engaged in any criminal activity" goes to the legal authority of the officers to act and does not override the complaint of their intentional acts.

The allegation that the officers "[f]ailed to properly identify themselves and announce their purpose" basically affects the officers' privilege to use reasonable force. Failure of officers to identify themselves and their purpose is usually asserted as justification for resistance by the person the officer seeks to apprehend. Here there is no allegation of resistance.

The plaintiff contends that the various alleged acts of the police officers can be separated and that the negligent acts are not inseparable components of the intentional tort of battery. He, in effect, argues that the negligence of the officers caused them to commit the intentional acts which in turn caused the injury and the damages he seeks to recover. He cites *A. E. Investment Corp. v. Link Builders, Inc.* (1974), 62 Wis. 2d 479, 214 N. W. 2d 764, and cases there cited as authority. Reliance on that case is misplaced. It is our opinion this case does not involve negligence but rather the intentional acts of police officers in the performance of their duties and privileges that attach thereto.

Neither party has cited nor discussed *Celmer v. Quarberg* (1973), 56 Wis. 2d 581, 203 N. W. 2d 45. A reference to that case is appropriate.

In *Celmer,* the police found a substantial quantity of marijuana in some farm buildings that had not been used for agricultural purposes for quite some time. Three police officers hid themselves in various areas in and out of the barn where the marijuana was found, hoping to apprehend the ones responsible for the marijuana being

there. The defendant was an officer of an intelligence unit investigating the use of drugs. On the day in question he was not wearing a uniform or badge. He had long hair, long sideburns and was unshaven. He was wearing a denim jacket and trousers. He was disguised to blend with those normally associated with narcotics. The plaintiff, who had nothing to do with narcotics, came to the farm to release some racing pigeons for training. When plaintiff returned to his car the defendant was standing there with two drawn pistols. The plaintiff thought the officer was a "crazed farmer." The officer attempted to arrest the defendant, without (as the jury found) identifying himself as a police officer. The plaintiff tried to elude the officer and a scuffle ensued. The defendant hit the plaintiff on the head with the butt of his revolver. The plaintiff was able to get into his car, lock it and drive off. The defendant then shot out and flattened two tires.

The trial court held, as a matter of law, that the officer had probable cause for the arrest and did not use excessive force. The case was submitted to a jury on the question of whether the defendant was negligent in not identifying himself as a police officer. The jury found he was negligent and we affirmed on appeal. This court concluded there that when a person has no reason to know the officer's identity and the officer made a deliberate effort to conceal his identity, the officer must make a reasonable effort to inform the person he is attempting to arrest that he is an officer; and that the plaintiff had a right to resist and flee when he thought he was being attacked by a "crazed" private citizen. The court then held:

"Such would not be the situation in the case of a uniformed police officer or a plainclothes detective." *Celmer, supra,* at page 589.

In this case the police are only identified as patrolmen of the Milwaukee police department. The cases are fur-

ther distinguished upon the ground that in *Celmer* the plaintiff was resisting and attempting to flee the scene, while in this case there is no claim of resistance.

The *Celmer Case* is unique as to its facts and stands alone. In this case the allegations couched in negligence go only to whether the police officers had a privilege and whether they exceeded the reasonable use of the privilege.

The plaintiff has stated a cause of action for an intentional unauthorized trespass and assault and battery. Both of these alleged acts are intentional torts and the suit cannot be maintained against the city by virtue of sec. 895.43 (3), Stats. The demurrer should be sustained.

*By the Court.*—Order reversed, cause remanded for further proceedings.