Steven A. KOFLER, Plaintiff-Appellant,

v.

Bradley R. FLORENCE, Defendant-Respondent,

CITY OF GREEN BAY, Necessary-Party.

Court of Appeals

*No. 97–1922–FT. Submitted on briefs November 24, 1997.—Decided December 23, 1997.*

(Also reported in 573 N.W.2d 568.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *William E. Appel*, Green Bay.

On behalf of the defendant-respondent and necessary party, the cause was submitted on the brief of *Jerry H. Hanson*, Green Bay.

Before Cane, P.J., Myse and Hoover, JJ.

MYSE, J.   Steven A. Kofler appeals a summary judgment dismissing his excessive force claim against police officer Bradley R. Florence.[1] Kofler argues that the trial court erred by applying the statute of limitations to bar his claims; by concluding that he failed to state a cause of action for excessive use of force separate from a federal claim for relief; and by applying claim preclusion to prevent a trial on the merits. Because we conclude that the trial court correctly determined that the statute of limitations bars this cause of action, we affirm.

This dispute arose after the City of Green Bay received a loud music complaint against Kofler at about 3:30 a.m. on August 1, 1992. Officer Florence responded to the complaint, and on his arrival the music was turned off. Kofler went outside to speak with Florence and was asked for his identification. Kofler

---

[1] This is an expedited appeal under RULE 809.17, STATS.

reached into his pocket and, upon touching something that made a bulge in the pocket, gave a surprised look, removed his hand, and told the officer that his identification was in his bedroom.

Florence became suspicious that Kofler had contraband in his pocket and refused to allow Kofler back into his home. Kofler nonetheless attempted several times to re-enter, and on failing to do so, grabbed onto the door to prevent Florence from examining his pocket. Florence pulled Kofler away from the door, at which point Kofler grabbed onto his porch railing. Florence then pulled Kofler away from the railing, threatening to spray him with mace if he did not comply.

Florence next directed Kofler onto the front lawn, and instructed him to place his hands on top of his head. Kofler complied with this request, but kept turning to prevent Florence from further investigating the bulge. Kofler was then handcuffed and ordered to the ground. When Kofler did not comply with this order, the officer forcibly directed Kofler to the ground and broke his collarbone. A search of the pocket revealed a bag of marijuana, and Kofler was arrested for disorderly conduct and possession of marijuana.

On April 10, 1995, Kofler brought suit against Florence in Brown County and in the U.S. District Court, Eastern District, alleging unlawful arrest, excessive use of force, and a violation of his constitutional rights under 42 U.S.C. § 1983. The cases were consolidated in the federal court. The federal court granted summary judgment in favor of Florence and dismissed all the charges except the state claim of excessive force.[2] With

[2] As a part of the federal court's Fourth Amendment inquiry it specifically determined that Florence's use of force was not excessive because it was "objectively reasonable."

respect to this claim, the court believed that it had received too little guidance from the parties concerning whether Wisconsin's cause of action for excessive force was distinct from the rejected federal constitutional claim. It therefore remanded this claim to the state court.

On remand, Florence moved for summary judgment, arguing that claim preclusion applied because the state cause of action was no different than the federal claim. In response, Kofler argued for the existence of a distinct cause of action for "Battery: Excessive Force in Arrest" that differed from the federal constitutional claim. In reply, Florence raised the statute of limitations as a defense. The trial court granted Florence's motion for summary judgment, concluding that Kofler's action could not prevail for one of two reasons. First, if Kofler's claim of excessive force constituted an intentional tort, he was precluded from pursuing it by the statute of limitations. Second, if Kofler's claim constituted negligence, he was precluded from pursuing it because the issue was identical to the rejected federal claim. Kofler appeals.

Kofler argues, first, that his cause of action does not involve an intentional tort, and second, that if it does, the statute of limitations defense has been waived. Kofler agrees that if the cause of action for excessive force requires proof of an intent to cause bodily harm, then the two-year statute of limitations applies. *See* § 893.57, STATS. We conclude that the cause of action does involve an intentional tort and that Florence properly raised the defense. As a result, the statute of limitations bars this action because it was brought over two years after Florence committed the alleged tort.

The cause of action for excessive force in arrest constitutes an intentional tort. Kofler argues that despite its title, "Battery: Excessive Force in Arrest," WIS J I—CIVIL 2008 does not involve an intentional tort because there is no requirement for a finding that the defendant had the requisite mental intent for civil battery. We are unpersuaded. That jury instruction is premised on the fact that the officer did commit a civil battery—"It is admitted that [the defendant] made a contact with [the plaintiff] and used force at the time of making the arrest, which force, if not reasonable under the circumstances, would constitute a battery." WIS J I—CIVIL 2008. The further requirement under the jury instruction that the use of force must be reasonable does not thereby change the tort to one in negligence. It is merely a limitation on the amount of force a police officer may use under his limited privilege to engage in civil battery.

This view accords with the view announced in the RESTATEMENT (SECOND) OF TORTS §§ 117–132 (1965). Our supreme court acknowledged that the Restatement contains "the general principle applicable to police officers making arrests . . . ." *Wirsing v. Krzeminski,* 61 Wis. 2d 513, 519, 213 N.W.2d 37, 40 (1973); *see also* WIS J I—CIVIL 2008 (BATTERY: EXCESSIVE FORCE IN ARREST) cmt. The Restatement view classifies any intentional use of force to be a civil battery, unless it is privileged. RESTATEMENT (SECOND) OF TORTS § 117 (1965). Therefore, where a plaintiff alleges that a police officer used excessive force in an arrest, the real claim is that the officer committed a battery because he or she went beyond the scope of the privilege. This is an intentional tort. While it is true that the privilege may be lost even where a police officer unintentionally

inflicts an unreasonable amount of force, this does not change the characterization of the tort to negligence. *See State v. Reinwand*, 147 Wis. 2d 192, 199, 433 N.W.2d 27, 30 (Ct. App. 1988) (" 'An officer may be guilty of assault and battery if he [or she] uses unnecessary and excessive force . . . .' ") (bracketed material in original) (quoting *State v. Mendoza*, 80 Wis. 2d 122, 154, 258 N.W.2d 260, 273–74 (1977)).

This characterization of the excessive force tort is consistent with earlier case law. In *Baranowski v. City of Milwaukee*, 70 Wis. 2d 684, 235 N.W.2d 279 (1973), our supreme court questioned whether excessive force was an intentional tort which would preclude the plaintiff from suing the municipality under existing law. The court answered in the affirmative. We therefore conclude that excessive force constitutes an intentional tort, and as such has a two-year statute of limitations. *See* § 893.57, STATS.

Kofler does not dispute that he failed to bring his action within the two-year period. He argues, however, that the statute of limitations defense has been waived because it was not raised in the responsive pleading. *See Milwaukee Co. v. State, Labor & Ind. Comm'n*, 113 Wis. 2d 199, 206, 335 N.W.2d 412, 416 (Ct. App. 1983) ("It is well-settled law that the affirmative defense of statute of limitations must be raised in a pleading, or by a motion, or be deemed waived.") (footnotes omitted).

We disagree. A party cannot have a duty to raise the statute of limitations as a defense until the nature of the claim asserted against the party is reasonably clear. As the trial court concluded, Florence's failure to initially plead the statute of limitations was justifiable

because Kofler's complaint did not clearly allege a separate, state claim of excessive force that constituted an intentional tort. Kofler's complaint stated:

> 8. The defendant used excessive force in forcing the plaintiff to the ground while the plaintiff's arms were handcuffed behind his back. The defendant's use of excessive force was a direct and proximate cause of the injuries and losses sustained by plaintiff [as earlier alleged].
>
> 9. The defendant, when acting as alleged in paragraphs four (4), five (5), seven (7) and eight (8), was acting under the color of Wisconsin state statutes and City of Green Bay ordinances. In so acting, the defendant deprived the plaintiff of rights secured to him by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Consequently, the defendant is liable to the plaintiff under 42 U.S. Code, Section 1983, for the injuries caused to the plaintiff alleged in this Complaint.

We agree that the complaint is unclear in that par. 8 could be interpreted as relating only to the federal cause of action specified under par. 9. Once it did become clear that Kofler alleged a separate, intentional tort, Florence immediately raised the affirmative defense. The trial court could therefore properly consider the defense at that time.

We conclude that a claim involving the excessive use of force in an arrest constitutes an intentional tort, and as such has a two-year statute of limitations. We further conclude that under the facts of this case the defense was properly raised and correctly applied in dismissing the action. Therefore, we affirm the judgment. Because our resolution of this issue is

dispositive, we do not reach Kofler's other issues raised on appeal.

*By the Court.*—Judgment affirmed.